Anastacio GARCIA–FRANCO and
Carmen Esquivel-Rodriguez,
Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 83–7765.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 1984.

Decided Nov. 27, 1984.

Duniway, Circuit Judge, concurred in part and dissented in part with opinion.

William D. McCann, William D. McCann & Associates, Walnut Creek, Cal., for petitioners.

Mark C. Walters, Richard K. Willard, Lauri Steven Filppu, Marshall Tamor Golding, Atty., Washington, D.C., for respondent.

MEMORANDUM FOR PUBLICATION *

Petition for Review of an Order of the Board of Immigration Appeals.

Before DUNIWAY, FLETCHER and REINHARDT, Circuit Judges.

Petitioners seek review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's denial of their motion to reopen their deportation proceeding. Petitioners sought to reopen under 8 C.F.R. § 242.22 (1983) so that they might demonstrate that evidence seized in violation of their fourth amendment rights should have been suppressed at the deportation hearing.

■ We uphold the Board's decision on the basis of the Supreme Court's recent decision in *Immigration and Naturalization Service v. Lopez-Mendoza,* —— U.S. ——, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984), holding that the fourth amendment exclusionary rule is not applicable in deportation proceedings. We disagree with the dissent that sanctions should be imposed against counsel. The circumstances of this case

* The majority agrees to publication under Ninth Circuit Rule 21(e).

cannot be equated to those in *In Re Campos*, 737 F.2d 824 (9th Cir.1984).[1]

The petition is denied.

FOR PUBLICATION

DUNIWAY, Circuit Judge (concurring and dissenting):

I concur in the memorandum affirming the order of the Board of Immigration Appeals, as far as it goes. I dissent because it does not go far enough.

There is no merit whatever in the aliens' motion to reopen, and there was no merit in it before the Supreme Court decided *Immigration and Naturalization Service v. Lopez-Mendoza*, 1984, — U.S. —, 104 S.Ct. 3479, 82 L.Ed.2d 778, on July 5, 1984.

The aliens appeared, with counsel, on March 14, 1983, admitted deportability, and were granted the privilege of voluntary departure on or before May 11, 1983. Their present counsel, William D. McCann, filed a motion to reopen. In it, he alleged that the aliens' home had been entered by Immigration and Naturalization agents and evidence had been seized from them. He also alleged that the agents did not have a warrant. He did *not* allege that the aliens did not consent to the entry or search. He did *not* allege what evidence was found or seized. He did *not* allege that any evidence found was used against the aliens. The only affidavit filed was one by attorney McCann. In it, he repeats what he says in his motion, on information and belief.

This was, on its face, a totally insufficient showing. It does not raise *any* issue, much less the issue described by the majority—i.e., "that evidence seized in violation of the aliens' fourth amendment rights should have been suppressed at the deportation hearing." No such evidence was presented or received at the hearing. The *only* evidence was the defendants' own admissions.

The regulations, 8 C.F.R. 242.22 and 8 C.F.R. 103.5, require that the motion to reopen "shall state the new facts to be proved at the reopened proceeding and shall be supported by affidavit or other evidentiary material." An affidavit by counsel, on information and belief, is not "evidentiary material" of any kind. *Immigration and Naturalization Service v. Wang*, 1981, 450 U.S. 139, 143, 101 S.Ct. 1027, 1030, 67 L.Ed.2d 123.

8 C.F.R. 242.22 also provides:

A motion to reopen will not be granted unless the immigration judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing;

Obviously, these requirements have not been met, nor could they be.

The motion was denied, on April 29, 1983. The immigration judge relied on *Immigration and Naturalization Service v. Wang*, *supra*, and on the fact that the aliens themselves, represented by counsel, admitted the facts showing that they were deportable.

Moreover, at oral argument here, the following colloquy occurred as shown by our taped recording:

JUDGE DUNIWAY: It sounds to me as if what you're saying is that counsel

1. In *In re Campos*, at 824, the court found in addition to finding that the attorney filed the appeal solely for the purpose of delay that he jeopardized "the rights of his clients through the extremely poor quality of his work." In this case despite the colloquy quoted by Judge Duniway, it is not at all clear to the majority that the appeal was filed for purposes of delay. Counsel pressed earnestly in his brief and at oral argument what he apparently felt was a legitimate legal issue. He stated as part of his response to Judge Duniway that prior counsel's failure to act caused his client to lose substantial rights. While the answer is confusing and possibly contradictory, this sometimes occurs in oral argument, particularly when counsel is eager to reply and does not wait to digest fully a hostile question. We should be most reluctant to penalize a lawyer for trying to protect his client's rights and should hesitate to take actions which might deter others from taking cases, even those that might require courts to approach problems with greater enlightenment or compassion than precedent currently supports.

should have used every method of delay that he could get his hands on.

COUNSEL: Exactly right. Exactly right because that would have been in the best interests of his client because substantial rights were lost as the result of him doing nothing.

JUDGE DUNIWAY: That's often in the interest of an accused, but we don't consider that a basis for a reversal of a conviction.

COUNSEL: But may it please the court, this is not an accused. This is a civil ... a civil hearing, no accused.

It is simply incontrovertible that the motion to reopen and the petition for review are meritless, and were filed solely for delay. As we said in *In re Campos*, 9 Cir., 1984, 737 F.2d 824, "This court will not tolerate appeals filed for the purpose of delay." The majority's disposition states: "The circumstances of this case cannot be equated to those in *In re Campos....*" Not so. The only *material* "circumstance" or fact in this case, so far as imposition of sanctions is concerned, is that the motion to reopen and petition for review are frivolous and obviously—indeed, admittedly—taken for delay. That was also the case in *Campos.* The majority's view is an open invitation to counsel in immigration deportation cases to file meritless motions to reopen and meritless petitions for review, for purposes of delay. They will surely get the delay, as attorney McCann did here—approximately two and one-half years. And if counsel happens to draw the "right" panel, there will be no sanctions.

In *Campos,* we issued an order to show cause why Campos should not be disciplined. At the least, if the administration of justice in this court is to be even handed, we should issue a similar order to show cause as to McCann. I would go further. On the face of the record, it is clear that we should now impose upon McCann the same sanctions that we imposed upon Campos. That is what I would do. I dissent because we are not doing it.