**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LILLIAN GRADILLAS; CHRIS GRADILLAS; ASSIGNEES OF KENNETH NWADIKI, JR., DBA America Bus Line, *Plaintiffs-Appellees*, <br><br> v. <br><br> LINCOLN GENERAL INSURANCE COMPANY, *Defendant-Appellant*. | No. 13-15638 <br><br> D.C. No. 3:12-cv-03697-CRB <br><br> ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF CALIFORNIA |

Filed July 6, 2015

Before: Michael Daly Hawkins and Paul J. Watford, Circuit Judges, and Jed S. Rakoff,[*] Senior District Judge.

---

[*] The Honorable Jed. S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Certification to the California Supreme Court

The panel certified to the Supreme Court of California the following question:

> When determining whether an injury arises out of the "use" of a vehicle for purposes of determining coverage under an automobile insurance policy and an insurance company's duty to defend, is the appropriate test whether the vehicle was a "predominating cause/substantial factor" or whether there was a "minimal causal connection" between the vehicle and the injury?

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

We respectfully request that the Supreme Court of California exercise its discretion to decide the certified question set forth in Part II of this order.

## I

## Caption and Counsel

A. The caption of the case is:

No. 13-15638

LILLIAN GRADILLAS; CHRIS GRADILLAS; ASSIGNEES OF KENNETH NWADIKI, JR., DBA America Bus Line,

Plaintiffs-Appellees,

v.

LINCOLN GENERAL INSURANCE COMPANY,

Defendant-Appellant.

B. The names and addresses of counsel for the parties are:

For *Plaintiffs-Appellees:*

Paul D. Fogel and Dennis Peter Maio, Reed Smith LLP, 101 Second Street, Suite 1800, San Francisco, CA 94105, and Scott A. Brown and David M. Poore, Brown Poore

LLP, 1350 Treat Boulevard, Suite 745, Walnut Creek, CA 94597

For *Defendant-Appellant:*

Edward F. Ruberry, Ellen D. Jenkins, and David Allen, Ruberry, Stalmack & Garvey LLC, 500 W. Madison Street, Suite 2300, Chicago, IL 60661, and George D. Yaron and Henry M. Su, Yaron & Associates, 1300 Clay Street, Suite 800, Oakland, CA 94612

C. Designation of party to be deemed petitioner: Defendant-Appellant

## II

## Question Certified

Pursuant to Rule 8.548 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, requests that the Supreme Court of California answer the question presented below. This court will accept the California Supreme Court's decision on this question. Our phrasing of the question is not intended to restrict the California Supreme Court's consideration of the case. The question certified is as follows.

When determining whether an injury arises out of the "use" of a vehicle for purposes of determining coverage under an automobile insurance policy and an insurance company's duty to defend, is the appropriate test whether the vehicle was a "predominating cause/substantial factor" or

whether there was a "minimal causal connection" between the vehicle and the injury?

## III

## Statement of Facts

On January 27, 2008, Lillian Gradillas, her then-husband Chris Gradillas ("the Gradillases"), and other paid passengers on a party bus operated by American Bus Lines ("ABL") and owned by Kenneth Nwadike ("Nwadike") were transported to a night club. Each passenger had a wristband intended to provide admission to the night club, but the bouncer refused to allow Lillian and one other woman inside because they lacked proper identification.

Lillian and the other woman were left outside in the rain until the bus driver, Gustavo Rosales, invited them to wait aboard the bus, which they agreed to do. With Rosales, the two women, and Rosales's relative on the bus, Rosales drove to an empty, dark parking lot across the street from the club and parked. The other woman then sat down on a couch and pretended to sleep, at which point Rosales approached Lillian and, with the assistance of his relative, proceeded to grope her. The other woman then woke up and went to the bathroom on the bus; once she was inside, Rosales's relative blocked the door. "With the friend gone and [the relative] guarding the friend, [Rosales] climbed on top of Lillian . . . and then he raped her." The Gradillases reported the rape to the police, and Gustavo later pled guilty to felony sexual assault.

Lincoln General Insurance Company ("Lincoln") had issued a business auto policy of insurance (the "BA Policy")

and a separate commercial general liability policy (the "CGL Policy") to Nwadike dba ABL. The BA Policy required Lincoln to pay "all sums an 'Insured' legally must pay as damages because of 'bodily injury'. . . to which this Insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" In the months following the assault, Lincoln sent Nwadike three letters discussing the policy's coverage and Lincoln's duty to defend. Initially, Lincoln denied coverage under the BA Policy, but agreed, subject to a reservation of rights, to defend Nwadike under the CGL Policy. In its second letter, Lincoln again denied coverage under the BA Policy and reiterated that the company would defend under the CGL Policy subject to a reservation of rights. In its third letter, Lincoln denied coverage under the CGL Policy and withdrew its defense.

On September 11, 2009, the Gradillases filed suit in the Superior Court for the County of San Francisco, seeking to recover damages for the injuries they incurred from Nwadike, ABL, Lincoln, and others. In August 2011, the Gradillases settled their claim with Nwadike, and Nwadike stipulated to the entry of judgment against him. The judgment awarded $2,000,000 to Lillian and $500,000 to Chris. In addition, the Gradillases entered into a covenant with Nwadike in which they agreed not to execute the judgment and Nwadike assigned his rights against Lincoln to the Gradillases. On September 17, 2012, the state trial court entered the stipulated judgment upon a finding of "good cause to support the amount" of damages.

Before the judgment in the underlying state court action was entered, the Gradillases filed this lawsuit to enforce the stipulated judgment against Lincoln and others. The case was removed to the Northern District of California and the

Gradillases moved for partial summary judgment, which the district court granted, ruling that the stipulated judgment was reasonable and Lincoln had breached its duty to defend because the bus was a temporary substitute and the injuries resulted from the "use of" the bus.

Although Lincoln argues on appeal that the injury was outside the scope of the policy's coverage because it was not an "accident" and the bus was not a qualifying substitute vehicle, we do not reach these arguments because Lincoln failed to raise them below. *See Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th Cir. 1984) (citing *Rothman v. Hosp. Serv. of S. Cal.*, 510 F.2d 956, 960 (9th Cir. 1975)). Although application of this rule is discretionary, *Singleton v. Wulff*, 428 U.S. 106, 121 (1976), Lincoln's failure to present the "accident" and "covered auto" arguments below deprived the Gradillases of the opportunity to develop the relevant factual record. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (discretion to reach waived issues "when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed.") (citation and internal quotation marks omitted).

Therefore, the only question remaining – which is dispositive as to the merits of this appeal – is whether the injuries arose from the use of the party bus such that Lincoln had a duty to defend. We note that Lincoln also disputes whether the amount of the settlement was reasonable, an issue that we will address pending the California Supreme Court's disposition of the certified question.

**IV**

**Explanation of Our Request**

We seek the California Supreme Court's determination as to the proper test to apply in determining whether an injury arises out of the "use" of an automobile for purposes of determining the coverage of an automobile insurance policy and an insurer's duty to defend an insured. We ask for this assistance because the test to be applied in the context of this case will have a significant impact on these and similarly-situated parties, and there is insufficient guidance in the relevant statutes and case law to allow us to resolve this question.

Although a series of California Court of Appeal decisions, *Safeco Ins. Co. of Am. v. Parks*, 170 Cal. App. 4th 992, 1012 (2009); *R.A. Stuchbery & Others Syndicate 1096 v. Redland Ins. Co.*, 154 Cal. App. 4th 796, 802 (2007); *State Farm Mut. Auto. Ins. Co. v. Grisham*, 122 Cal. App. 4th 563, 566–67 (2004); *Cal. Auto. Ins. Co. v. Hogan*, 112 Cal. App. 4th 1292, 1297 (2003); *Am. Nat'l Prop. & Cas. Co. v. Julie R.*, 76 Cal. App. 4th 134, 140 (1999); *Rowe v. Farmers Ins. Exch.*, 7 Cal. App. 4th 964, 971–72 (1992); *Peters v. Firemen's Ins. Co.*, 67 Cal. App. 4th 808, 812–13 (1998); *Farmers Ins. Exch. v. Reed*, 200 Cal. App. 3d 1230, 1233 (1988), has adopted or recognized the "predominating cause/substantial factor" test, we note that these decisions are in potential conflict with the California Supreme Court's instruction that the "vehicle need not be, in the legal sense, a proximate cause of the injury . . . ." *State Farm Mut. Auto. Ins. Co. v. Partridge*, 514 P.2d 123, 127 n.7 (1973). We also note that a handful of California Court of Appeal decisions have either employed the test in *Partridge* or noted that the test is not a settled

question, *Prince v. United Nat'l Ins. Co.*, 142 Cal. App. 4th 233, 244–45 (2006); *Kramer v. State Farm Fire & Cas. Co.*, 76 Cal. App. 4th 332, 336–37 (1999); *Interinsurance Exch. v. Flores*, 45 Cal. App. 4th 661, 668–69 (1996); *Nat'l Am. Ins. Co. v. Ins. Co. of N. Am.*, 74 Cal. App. 3d 565, 571 (1977).

As we read California law, we do not know whether the district court in this case was required to apply the "substantial factor" test or a "minimal causal connection" test. We submit that this question is worthy of a decision by the California Supreme Court, and that this case presents a suitable vehicle for the California Supreme Court to address this question. *See* Cal. Rules of Court 8.548(a). The answer given by the California Supreme Court will dispose of this appeal currently pending before the Ninth Circuit.

## V

## Accompanying Materials

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of the request with a certification of service on the parties, pursuant to California Rules of Court 8.548(c), (d).

Further proceedings before us are stayed pending the California Supreme Court's decision regarding certification, and in the event the California Supreme Court accepts certification, pending our receipt of the answer to the question certified. Submission of this case is withdrawn.

After the California Supreme Court makes its determination whether to accept certification of this question, the parties shall file a joint report informing this court of the decision.    If the California Supreme Court accepts the certified question, the parties shall file a joint status report to our court every six months after the date of acceptance.

If the California Supreme Court denies the request for certification, this case will be automatically resubmitted upon notice of that denial.  If the California Supreme Court accepts the certified question, the case will be automatically resubmitted upon receipt of the California Supreme Court's answer to the certified question.

**SO ORDERED.**