**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: MERCURY INTERACTIVE CORP.
SECURITIES LITIGATION,

ARCHDIOCESE OF MILWAUKEE
SUPPORTING FUND, INC.; DENNIS S.
JOHNSON; KAREL MUNAO; CHANDRA
SINGHAL; CHARTER TOWNSHIP OF
CLINTON POLICE AND FIRE PENSION
SYSTEM; CITY OF DEARBORN
HEIGHTS POLICE AND FIRE
RETIREMENT SYSTEM; CITY OF
STERLING HEIGHTS GENERAL
EMPLOYEES RETIREMENT SYSTEM;
LONGSHOREMAN'S ASSOCIATION
PENSION FUND; STEAMSHIP TRADE
ASSOCIATION INTERNATIONAL;
MERCURY PENSION FUND GROUP,
                    *Plaintiffs-Appellees,*

NEW YORK STATE TEACHERS'
RETIREMENT SYSTEM,
                            *Appellant,*

CONNECTICUT RETIREMENT PLANS &
TRUSTS; BLOOMBERG NEWS; SAN
FRANCISCO CHRONICLE; THE
RECORDER,
            *Intervenors-Appellees,*

                    v.

No. 08-17372

DC No.
CV 05-03395

OPINION

12191

MERCURY INTERACTIVE
CORPORATION; AMNON LANDAN;
DOUGLAS P. SMITH; ANTHONY
ZINGALE; SUSAN J. SKAER; BRAD
BOSTON; IGAL KOHAVI; CLYDE
OSLTER; GIORA YARON; YAIR
SHAMIR; YUVAL SCARLAT; SHARLENE
ABRAMS; PRICEWATERHOUSECOOPERS
INC.,
          *Defendants-Appellees,*

                v.

THE MERCURY PENSION FUND
GROUP,
     *Third-party-plaintiff-Appellee,*

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted
December 8, 2009—San Francisco, California

Filed August 18, 2010

Before: A. Wallace Tashima, Susan P. Graber, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Tashima;
Dissent by Judge Bybee

## COUNSEL

Ryan A. Stippich, Reinhart Boerner Van Deuren, Milwaukee, Wisconsin, for objector-appellant New York State Teachers Retirement System.

Louis Gottlieb, Labaton Sucharow, New York, New York, for plaintiff-appellee Mercury Pension Fund Group.

Robert A. Long, Jr., Covington & Burling, Washington, District of Columbia, for *amicus curiae* Council of Institutional Investors.

## OPINION

TASHIMA, Circuit Judge:

This is a securities class action against Mercury Interactive Corp. ("Mercury"), some of its former officers and directors, and its auditor. The action was settled early on, a settlement class was certified, the settlement was approved, and attorneys' fees were awarded per the settlement agreement. The New York State Teachers' Retirement System ("Teachers") appeals from the district court's order awarding attorneys' fees of twenty-five percent of the $117.5 million settlement fund to class counsel. We hold that the district court erred under Federal Rule of Civil Procedure 23(h) in setting the schedule for objecting to counsel's fee request; we therefore vacate the award and remand for further proceedings.

## I. BACKGROUND

Beginning in the summer of 2005, Mercury made a series of public disclosures revealing that an "informal inquiry" was

being conducted into possible unreported backdating of stock options at the company. Backdating stock options represented to the market as having been granted at the current market price of the company's stock, when in fact they are being granted at a previous date's lower stock price and are therefore already "in the money," results in companies' under reporting their compensation expenses and overstating their income, leading to inflated stock prices. *See* Charles Forelle & James Bandler, *The Perfect Payday: Some CEOs Reap Millions by Landing Stock Options When They Are Most Valuable. Luck—or Something Else?*, WALL ST. J., Mar. 18, 2006 at A1. These disclosures of potential wrongdoing at Mercury became more serious throughout the fall of 2005, eventually leading to an announcement that the CEO, CFO, and General Counsel would be resigning because they had been aware of, participated in, and benefitted from repeated instances of illegal stock options backdating, among other instances of wrongdoing. Mercury's stock price dropped significantly in reaction to these announcements.

In the class actions that followed, the district court, as is customary, appointed lead counsel for the class. Lead counsel conducted an investigation into Mercury's backdating practices and filed a consolidated class action complaint under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a-78oo, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified in 15 U.S.C. § 78. It opposed motions to dismiss the complaints, which the district court granted. Lead counsel conducted further investigation and began drafting an amended complaint.

The parties broached the possibility of settlement in the spring of 2007, after the motions to dismiss were argued in the district court. After the district court granted the motions to dismiss, the parties held two mediation sessions and the parties subsequently agreed on a settlement of $117.5 million in cash. As part of the settlement, lead counsel conducted confirmatory discovery, which included document review, two

additional depositions and an additional interview, in order to ensure that there was a factual basis for settling the case for the amount stipulated.

The district court certified a settlement class, preliminarily approved the settlement, and ordered notice to the class. The notice of the preliminary settlement informed the class of the general terms of the proposed settlement. It also informed class members that counsel would "request . . . attorneys' fees in the amount of 25% (29.375 million)." Further, the class members were informed that they could object to the settlement or application for attorneys' fees by "appear[ing] . . . at the Settlement Fairness Hearing" if they "submit[ted] a written notice of objection, received or postmarked on or before September 4, 2008." No objections were made to the settlement itself, but two objections, including Teachers', were made to the proposed attorneys' fees.

Teachers timely objected to "counsel's proposed fee request for 25% of the $117.5 million settlement fund," noted that the "case was settled early, at the motion to dismiss stage," and made generalized arguments that any fee awarded by the court should be no higher than 18 percent of the settlement fund. Teachers argued that the court, serving as a fiduciary for the absent class, "must critically examine class counsel's application and award no more than what is absolutely required to provide reasonable compensation to class counsel." It noted that, after the passage of the PSLRA, "federal courts today are awarding fees which are far less than 25% of the settlement amount," yet reasonably compensate class counsel. Finally, Teachers argued that outstanding results can be achieved for the class at lower market rates, citing the fact that "class counsel retained by public employee retirement systems serving as lead plaintiffs pursuant to the PSLRA have accepted fees which are significantly lower than 25%."

Thereafter, lead counsel, on September 18, 2008, filed its motion for award of counsel's fees and reimbursement of

expenses and supporting memorandum of law and declarations. This filing was two weeks after the deadline for objections had passed. The memorandum and declarations supporting the motion state that lead counsel and other law firms worked a total of 17,001.06 hours on the case, valued at $8,396,593.20. Counsel did not provide time sheets detailing how many hours were spent by each attorney on specific tasks. Instead, it provided tables listing a lawyer, his or her hourly rate, and the number of hours he or she expended on the case. The declarations supporting these fee requests only broadly summarized the work done by each firm, including descriptions such as "prepared for mediation," "negotiating and finalizing a global settlement with all Defendants for $117.5 million," and "prepared and filed discovery motions."

One week later, on September 25, 2008, the district court held a hearing on the fairness of the settlement and attorneys' fees. Neither Teachers nor the other objector to the attorneys' fee award attended. The district court approved the requested fee, ruling from the bench:

> [E]ssentially, both of these objectors claim that the fee award can be no higher than 18 percent. They do not object to any line item of work that was done, but rather they simply believe that the amount of the contingency fee should be 18 percent rather than 25 percent.

> The court has read and considered those objections and it is not aware of any other objections in this matter. The court notes that this matter was litigated extensively, that it involves novel issues, that it was certainly not a situation where counsel were not required to extend significant effort; in fact, the contrary is true. The accepted standard, which is sort of a starting point for the analysis in the Ninth Circuit, appears to be a 25 percent award.

Certainly, in this case, the court does not believe that the efforts of counsel fell below that such that below the standard would be appropriate; and in fact, it could be argued that a higher award might be justified given the very beneficial outcome.

In any event, the court doesn't see any reason to depart from the standard percentage that's awarded in the Ninth Circuit. So I'm prepared to overrule the objections and approve the fee as well.

Teachers timely appealed the fee award.

## II.    STANDARD OF REVIEW

We review the district court's award of attorneys' fees in class actions for an abuse of discretion. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). " 'A district court abuses its discretion if its decision is based on an erroneous conclusion of law or if the record contains no evidence on which it rationally could have based its decision.' " *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1005 (9th Cir. 2002) (quoting *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 270 (9th Cir. 1989)). The district court may exercise its discretion to choose between the lodestar and percentage method in calculating fees. *See Powers*, 229 F.3d at 1256. A district court, however, abuses that "discretion when it uses a mechanical or formulaic approach that results in an unreasonable reward." *Id.*

We review the district court's underlying factual determinations for clear error. *Id.* "Any element of legal analysis which figures in the district court's decision is reviewed *de novo*." *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000).

## III.    WAIVER

"We apply a 'general rule' against entertaining arguments on appeal that were not presented or developed before the dis-

trict court." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998). Although "no 'bright line rule' exists to determine whether a matter as been properly raised below," an issue will generally be deemed waived on appeal if the argument was not " 'raised sufficiently for the trial court to rule on it.' " *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) (quoting *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989)). "This principle accords to the district court the opportunity to reconsider its rulings and correct its errors." *Id.*

[1] Such waiver is a discretionary, not jurisdictional, determination. *See United States v. Northrop Corp.*, 59 F.3d 953, 957 n.2 (9th Cir. 1995). We may consider issues not presented to the district court, although we are not required to do so. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996). We will exercise our discretion to reach waived issues only in three circumstances: "in the 'exceptional' case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process," "when a new issue arises while appeal is pending because of a change in the law," and "when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985).

Lead counsel contends that Teachers has waived all of the issues that it presents on appeal by failing adequately to raise them before the district court. Teachers raises three issues on appeal, including whether the district court erred by setting the deadline for the filing of class members' objections to the fee request on a date before the deadline for filing the fee motion itself, then partially basing its decision on Teachers' failure to object to "any line item of work" that lead counsel performed.[1]

---

[1]In light of our disposition of this issue, we need not reach the remaining two waiver issues — whether this circuit's 25-percent benchmark for

**[2]** We exercise our discretion to reach the question of whether Federal Rule of Civil Procedure 23(h) requires district courts to set the deadline for objections to attorneys' fees on a date after the fee motion has been filed, because it is a pure question of law. *See Bolker*, 760 F.2d at 1042. The issue has been sufficiently briefed and the record has been sufficiently developed such that our "consideration of the issue would not prejudice [lead counsel's] ability to present relevant facts that could affect our decision." *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996). Moreover, as outlined below, this is a recurring issue in class action litigation.

We have not yet had occasion to construe Rule 23(h), and the schedule set by the district court in this case, requiring objections to be filed before the filing of the fee motion itself and its supporting papers, appears to be commonly employed by district courts throughout the Ninth Circuit and elsewhere in the country. *See, e.g.*, *In re Leadis Tech, Inc. Sec. Litig.*, No. C 05-0882 CRB (N.D. Cal. Feb. 4, 2009) (objections due thirteen days before motions in support of fee); *In re Brocade Sec. Litig.*, No. C 05-02042 CRB (N.D. Cal. Nov. 18. 2008) (objections due seven days before motions in support of fee); *In re Cisco Sys., Inc. Sec. Litig.*, No. C 01-20418 JW (N.D. Cal. Sept. 12, 2006) (objections due 28 days before motions in support of fee); *In re Global Crossing Access Charge Litig.*, No. 04-1630, slip op. (S.D.N.Y. May 2, 2006) (objections due eight days before motions in support of fee); *In re Tyco Int'l, Ltd., Sec. Litig.*, No. MDL 02-1335 PB (D.N.H. July 13, 2007) (objections due 24 days before motions in support of fee). We, thus, now take the opportunity to examine this practice and to construe and apply the requirements of Rule 23(h).

---

attorneys' fees in common fund cases, *see Paul, Johnson, Alston & Hunt*, 886 F.2d at 272, should be applied in PSLRA cases, an issue that Teachers is free to raise before the district court on remand, and whether the district court abused its discretion by failing to consider the required factors in approving the award and by inadequately explaining the basis for its award.

## IV.   DISCUSSION

Although a district court has broad discretion to determine attorneys' fees, it abuses that discretion if it makes an error of law. *See Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law."). We hold that the district court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion. Moreover, the practice borders on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion.

**[3]** The plain text of the rule requires a district court to set the deadline for objections to counsel's fee request on a date *after* the motion and documents supporting it have been filed. The relevant portions of Rule 23(h) provide:

> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

> (2) A class member, or a party from whom payment is sought, may object to the motion.

Fed. R. Civ. P. 23(h). The plain text of the rule requires that any class member be allowed an opportunity to object to the fee "motion" itself, not merely to the preliminary notice that such a motion will be filed. In this case, although notice of the motion was provided to the class, class members were deprived of an adequate opportunity to object to the motion itself because, by the time they were served with the motion, the time within which they were required to file their objections had already expired.

**[4]** The Advisory Committee Notes to the 2003 amendments to Rule 23(h) further support this reading of the rule. They elaborate that "[i]n setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, ¶ 68. The Advisory Committee Notes further contemplate that, in appropriate cases, the court will permit an "objector discovery relevant to the objections." *Id.* ¶ 69. Clearly, the rule's drafters envisioned a process much more thorough than what occurred in this case.

Commentators also agree with this logical interpretation of the rule. For example, Moore's Federal Practice counsels that "[a]ny objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all of the materials that may have been submitted in support of the motion and, in an appropriate case, conduct discovery concerning the fees request." 5 Moore's Federal Practice § 23.124[4] (Matthew Bender 3d ed. 2009). Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee.

In this case, Teachers was denied such an opportunity. At the time that its objections to the fee request were due, Teachers could make only generalized arguments about the size of the total fee because they were only provided with generalized information. Teachers could not provide the court with critiques of the specific work done by counsel when they were furnished with no information of what that work was, how much time it consumed, and whether and how it contributed to the benefit of the class.

**[5]** During the fee-setting stage of common fund class action suits such as this one, "[p]laintiffs' counsel, otherwise a fiduciary for the class, . . . become[s] a claimant against the fund created for the benefit of the class." *Class Plaintiffs v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec. Litig.)*, 19 F.3d 1291, 1302 (9th Cir. 1994) (internal quotation marks omitted). This shift puts plaintiffs' counsel's understandable interest in getting paid the most for its work representing the class at odds with the class' interest in securing the largest possible recovery for its members. Because "the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *Id.* As a fiduciary for the class, the district court must "act with 'a jealous regard to the rights of those who are interested in the fund' in determining what a proper fee award is." *Id.* Included in that fiduciary obligation is the duty to ensure that the class is afforded the opportunity to represent its own best interests. When the district court sets a schedule that denies the class an adequate opportunity to review and prepare objections to class counsel's completed fee motion, it fails to fulfill its fiduciary responsibilities to the class.[2]

---

[2]We also note that the district court failed to comply with its own Local Rules, which ordinarily govern the length of notice required in filing motions for attorneys' fees, in setting the schedule for objections to lead counsel's attorneys' fee request. Those rules provide that papers supporting a motion "must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." N.D.Cal. Civ. Local R. 7-2. This means that even in the most routine of fee motions, in which perhaps a few thousand dollars of attorneys' fees may be at stake, the party opposing such fees would have fourteen days to examine the papers supporting the fee request and prepare its opposition. *See* Local Rule 7-3. The Local Rules themselves state that these "are minimum time periods," and when "complex motions" and oppositions to them are being filed, longer time periods may be necessary. Thus, although compliance with the Local Rules is not at issue in this appeal, the time periods for ordinary motions in the Northern District's own Local Rules further support the inadequacy of the procedures in this case.

## V.   CONCLUSION

**[6]** When $29.375 million is at stake, and the interests of class counsel are in conflict with the interests of the class, it is the obligation of the district court to ensure that the class has an adequate opportunity to review and object to its counsel's fee motion and, potentially, to conduct discovery on its objections to the fee motion if the district court, in its discretion, deems it appropriate. We do not adopt a bright-line rule of a time period that would meet Rule 23(h)'s requirement that the class have an adequate opportunity to oppose class counsel's fee motion. Obviously, that period will vary from case to case, and the district court is better positioned to make that decision after consideration of all of the circumstances in the case. But a schedule that requires objections to be filed before the fee motion itself is filed denies the class the full and fair opportunity to examine and oppose the motion that Rule 23(h) contemplates.

**[7]** The district court's order approving class counsel's fee request is vacated and the matter is remanded for further consideration consistent with this opinion.[3] Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**

---

BYBEE, Circuit Judge, dissenting:

I agree with the majority that the district court erred under Federal Rule of Civil Procedure 23(h) in setting the schedule for objecting to counsel's fee request. However, I respectfully dissent because I believe that the New York State Teachers' Retirement System ("the Teachers") waived this argument.

---

[3]We, of course, express no opinion on the merits of the fee motion.

Although we have discretion to reach waived issues where "the issue presented is purely one of law," *Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985), I would decline to exercise that discretion in this case. As the majority recognizes, the Teachers raised no objection in the district court to the schedule for objecting to attorneys' fees despite being given notice of the briefing schedule on July 2, 2008, and despite filing a general objection to counsel's fee application on August 28, 2008. Although the Teachers complain that they could not reasonably have objected to counsel's fee application until counsel filed a memorandum in support of the application for attorney's fees on September 18, 2008, the Teachers certainly could have objected to the *schedule* before that date. Moreover, the Teachers' actual objection to counsel's fee application was composed almost entirely of boilerplate allegations and contained almost no discussion of the case at hand. Although the Teachers had not yet been presented with details on the ins and outs of counsel's work, I see no reason why they could not have described more specifically why counsel's services did not merit 25 percent of the settlement fund. Finally, even after counsel filed a memorandum detailing the hours worked on each case by each firm, the Teachers did not file any papers addressing this memorandum, and did not even show up to the district court's settlement fairness hearing on September 25, 2008.

In short, the Teachers were not at all diligent in presenting their arguments to the district judge. And given that district judges, due to their familiarity with counsel's work, are in a far better position than appellate courts to adjudicate attorney's fees disputes, I believe it is important to encourage parties in Teachers' position to raise issues with respect to attorney's fees with the district court. Thus, this seems to me the prototypical context for enforcement of our waiver doctrine.

I respectfully dissent.