FILED

NOV 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANET D. LEWIS, | Nos. 11-35682 and 11-35727 |
| Plaintiff-Appellee/<br>Cross-Appellant, | D.C. No. 3:06-cv-00053-JWS |
| v. | MEMORANDUM* |
| MICHAEL B. DONLEY, Secretary of the<br>United States Air Force; UNITED<br>STATES OF AMERICA, | |
| Defendants-Appellants/<br>Cross-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted August 29, 2012
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Plaintiff Janet Lewis ("Lewis") prevailed in her retaliation claim against

defendants Michael B. Donley, Secretary of the United States Air Force, and the

---

*This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

United States of America (collectively, "Government") and was awarded $100,000 by a jury. The district court in large part granted Lewis's request for attorney's fees as the prevailing party, awarding $274,479, but denied her motion for equitable remedies such as back pay and reinstatement. The Government appeals the attorney's fee award and Lewis cross-appeals the denial of equitable remedies. We affirm both decisions.

The district court did not abuse its discretion by awarding Lewis nearly all the fees she requested. Although she prevailed on only one of the ten claims she alleged in her third amended complaint, her claims arose out of a "common core of facts" or were based on "related legal theories," and thus the court reasonably concluded that "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The court also sufficiently considered the relationship of the fees requested to the success achieved, and concluded that the $100,000 verdict was substantial and that the hours were reasonably expended to achieve this result. *See id.* at 435-36.

Nor did the court abuse its discretion by declining to grant Lewis's request for equitable remedies. The Special Verdict Form did not require the jury to identify which adverse employment actions it found to be retaliatory. In the absence of such

a finding, the court reviewed the evidence and found Lewis had failed to establish that but for her EEO complaint she would not have been terminated, and concluded that she was actually terminated because she took leave without her employer's approval. This finding is not clearly erroneous, and precludes the award of reinstatement or back pay. 42 U.S.C. § 2000e-5(g)(2)(A) (plaintiff must establish termination was not for "any reason other than" discrimination/retaliation).[1]

For the first time on appeal, Lewis argues that even assuming she was actually terminated for her AWOL status, she should nonetheless receive equitable remedies because her employer's retaliatory acts caused the health problems that led her to take leave without permission. We decline to address this fact-dependent issue in the first instance. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

**AFFIRMED**.

---

[1] Nor is the court's finding necessarily inconsistent with the jury's verdict. Although the jury's compensatory award must have encompassed medical bills associated with Lewis's heart attack, it does not follow that the jury must have found the *termination* was retaliatory and caused the attack. It is equally plausible for the jury to have found that one or more of the earlier retaliatory acts contributed to Lewis's stress condition and compromised her heart health, eventually causing the heart attack when she received the termination letter, even if the termination *itself* were not a retaliatory act.