FILED

JUN 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| D.B., by and through her Guardian Ad Litem Reina Roberts; REINA ROBERTS, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT, <br><br> Defendant - Appellant. | No. 13-55665 <br><br> D.C. No. 2:12-cv-03059-SVW-PJW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 6, 2015
Pasadena, California

Before: FISHER, BEA and FRIEDLAND, Circuit Judges.

Santa Monica-Malibu Unified School District appeals the district court's

final order awarding D.B. reimbursement for the cost of tuition at the Westview

School for the 2010-11 school year, related educational expenses and attorney's

fees and costs.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The District argues D.B. did not allege in her administrative complaint that the District's failure to include D.B.'s parents at the June 8, 2010 meeting was a procedural violation of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq. The District has waived this argument by failing to raise it in the district court. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

**2.** The district court properly concluded the District's failure to include D.B.'s parents at the June 8 meeting was a procedural violation of the IDEA. The IDEA's implementing regulations require that parents participate in meetings concerning the formulation of an Individualized Education Program (IEP) and the educational placement of their child. *See* 34 C.F.R. § 300.501(b). An agency can make a decision without the parents only if it is unable to obtain their participation, which was not the case here. *See id.* § 300.501(c)(4); *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 317 F.3d 1072, 1078 (9th Cir. 2003) *superseded on other grounds by* 20 U.S.C. § 1414(d)(1)(B).

The District has not shown that it was required to meet before the end of the 2009-10 school year to formulate an IEP for the 2010-11 school year. Therefore, it was not faced with "the situation of complying with one procedural requirement of

2

the IDEA or another." *Doug C. v. Hawaii Dep't of Educ.*, 720 F.3d 1038, 1046 (9th Cir. 2013).

**3.** The district court properly concluded the procedural violation denied D.B. a free appropriate public education in the 2010-11 school year. *See Doug C.*, 720 F.3d at 1044-47; *Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 892 (9th Cir. 2001). "Procedural violations that interfere with parental participation in the IEP formulation process undermine the very essence of the IDEA." *Amanda J.*, 267 F.3d at 892. Proceeding without the child's parents cannot be justified by the scheduling unavailability of District employees; the attendance of parents at IEP Team meetings "must take priority over other members' attendance." *Doug C.*, 720 F.3d at 1045; *see also Shapiro*, 317 F.3d at 1078 (holding a school district may not "simply prioritize[] its representatives' schedules over that of [the] parents"). Furthermore, even if D.B.'s parents already had decided to enroll D.B. at the Westview School, their exclusion was not permissible. *See Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047, 1055 (9th Cir. 2012) ("[T]he IDEA, its implementing regulations, and our case law all emphasize the importance of parental involvement and advocacy, even when the parents' preferences do not align with those of the educational agency.").

**AFFIRMED**.