**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARY-CLARE PEAK,

        Plaintiff - Appellant,

v.

FOREVER LIVING PRODUCTS
INTERNATIONAL, INC.,

        Defendant - Appellee.

No. 13-17536

D.C. No. 2:11-cv-00903-SMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted April 12, 2016
San Francisco, California

Before: D.W. NELSON, O'SCANNLAIN, and TROTT, Circuit Judges.

Appellee Mary-Clare Peak appeals a jury verdict in favor of her employer

Forever Living Products ("FLP") in her action under the Family and Medical

Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*. The facts of this case are

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

known to the parties, and we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291.

## I

Peak first argues that the district court erred by improperly refusing several requested jury instructions. But the district court's instructions "fairly and adequately cover the issues presented," and were neither misleading nor a misstatement of the law. *Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000). The relevant Department of Labor regulations were incorporated into the instructions, and an explicit reference to them would have confused the jury. Likewise, Peak's proposed instructions concerning a request for certification of a serious health condition were irrelevant, because this process occurs *after* adequate notice of the need for FMLA leave has been given. Similarly, the court's instructions regarding the meaning of "serious health condition" were accurate, and instructions regarding an employer's duty to notify employees of the consequences of failing to comply with its FMLA policy were unnecessary. The district court's exclusion of these instructions was not an abuse of discretion.

## II

Peak's next claim, that the district court erred in excluding evidence of her sexual harassment allegations, is also without merit. Peak's allegations were not

probative of whether Peak provided adequate notice under the FMLA, *see* Fed. R. Evid. 401, 402, and their probative value was clearly outweighed by the risk of undue prejudice to FLP. *See* Fed. R. Evid. 403.

## III

The district court also properly denied Peak's motion in limine to exclude evidence of Peak's tardiness. Evidence of Peak's tardiness was relevant because it described FLP's point of view when it terminated her, and thus whether FLP's actions suggested it had received adequate notice of Peak's need for leave. By contrast, Peak's argument that she should have received discovery as to other employees' tardiness is without merit; Peak's cause of action was for violations of the FMLA, not disparate treatment.

## IV

Lastly, Peak asserts she was unduly prejudiced by the court's refusal to withdraw its discovery sanction. But the district court gave Peak permission to offer the notes into evidence and provided Peak with the opportunity to correct the record, which she did by eliciting testimony that the notes had in fact been produced. Moreover, Peak never moved or otherwise requested that the judge himself acknowledge error. This claim is waived. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

**AFFIRMED.**