
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALTA GOLD MINING CO., by and through its Court Appointed Receiver Angelique L.M. Clark, | No.   14-16102 |
| | D.C. No. 3:13-cv-00311-RCJ-VPC |
| Plaintiff-counter-defendant-Appellee, | |
| v. | MEMORANDUM[*] |
| AERO-NAUTICAL LEASING CORPORATION, a Delaware corporation, | |
| Defendant-counter-claimant-Appellant. | |

| | |
|---|---|
| ALTA GOLD MINING CO., by and through its Court Appointed Receiver Angelique L.M. Clark, | No.   14-16194 |
| | D.C. No. 3:13-cv-00311-RCJ-VPC |
| Plaintiff-counter-defendant-Appellant, | |
| v. | |
| CENTURY CAPITAL PARTNERS, LLC; MICHAEL ANTHONY, | |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellees,

AERO-NAUTICAL LEASING
CORPORATION, a Delaware corporation,

Defendant-counter-claimant-
Appellee.

Appeals from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted June 16, 2016
San Francisco, California

Before:      SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

Alta Gold Mining Co. ("Alta Gold") and Aero-Nautical Leasing Corp.

("Aero-Nautical") appeal the district court's order dismissing, respectively, their

claims and counterclaims based on absolute quasi-judicial immunity.  We have

jurisdiction over their consolidated appeals under 28 U.S.C. § 1291, and we affirm.

Alta Gold was a gold mining company whose corporate charter was revoked

in 2003, after bankruptcy proceedings.  A Nevada state court appointed Angelique

Clark as Alta Gold's receiver in 2011 at the request of one of Alta Gold's creditors.

In 2013, Alta Gold, by and through Clark, sued Aero-Nautical; Century Capital

Partners, LLC ("CCP"); and CCP's principals, Bradley Swahn and Michael

Anthony, in Nevada state court.  Alta Gold challenged the validity of 25 million

2

shares of Alta Gold stock that Aero-Nautical claimed to own. The shares were purportedly issued in 2006, when a Nevada state court appointed Swahn as Alta Gold's custodian at Swahn's request; Swahn appointed Anthony as Alta Gold's sole officer and director; and Anthony issued the shares to CCP. Aero-Nautical purchased the shares from CCP in 2012. Alta Gold alleged in its complaint that Swahn's custodianship had been a sham and that the subsequent issue of stock was thus invalid.

Aero-Nautical removed the suit to the District of Nevada based on diversity and filed counterclaims against Clark, alleging various abuses in her role as Alta Gold's receiver. Clark moved the district court to abstain from adjudicating Aero-Nautical's counterclaims, and the defendants moved to dismiss Clark's claims. The district court granted these motions and dismissed all of the parties' claims and counterclaims. The court held that the claims all stemmed from Swahn's and Clark's actions as court-appointed custodian and receiver, respectively, and were thus barred by absolute quasi-judicial immunity under federal law.

Clark and Aero-Nautical both appealed the district court's dismissal order. We review *de novo* the district court's dismissal of claims based on judicial immunity. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999).

**1.** Aero-Nautical argues for the first time on appeal that the district court erred in applying federal, rather than state, official immunity law to dismiss its counterclaims against Clark. Aero-Nautical waived this argument by failing to raise it before the district court. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). We thus decline to address it and analyze whether the dismissal of Aero-Nautical's counterclaims was proper under federal official immunity law.

**2.** Under federal law, court-appointed "receivers are court officers who share the immunity awarded to judges." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1303 (9th Cir. 1989) (internal quotation marks omitted). Receivers are thus entitled to absolute immunity unless their acts are clearly beyond their jurisdiction or not judicial in nature. *Id.*

In this case, Clark was entitled to absolute quasi-judicial immunity as to all of Aero-Nautical's counterclaims. Aero-Nautical's claims arise from Clark's management of Alta Gold's affairs pursuant to the appointing court's judicially conferred authority. Aero-Nautical challenges the manner in which Clark distributed Alta Gold's assets, contested Aero-Nautical's ownership stake in Alta Gold and its participation in the receivership action, settled with Alta Gold's creditor, maintained control of Alta Gold's books and records, and declined to hold

a shareholder meeting. All of these acts were undertaken pursuant to the appointing court's order. Because the actions Aero-Nautical challenges were not clearly beyond Clark's jurisdiction, she is immune from Aero-Nautical's claims.

**3.** Clark contends that, rather than dismissing her claims, the district court should have remanded her action to Nevada state court, where it originated. According to Clark, once the district court determined that it "lacked jurisdiction" over the claims and counterclaims, the proper course of action was to remand, not dismiss, the claims.

Contrary to Clark's argument, the district court had diversity jurisdiction over Clark's claims and Aero-Nautical's counterclaims. The district court at no point determined that it "lacked jurisdiction" over Clark's claims; rather, it held that Clark was entitled to a receiver's quasi-judicial immunity. Thus, it was not required to remand, as opposed to dismiss, the claims on this basis. *Cf. New Alaska Dev. Corp.*, 869 F.2d at 1304 (affirming district court's dismissal of claims against court-appointed receiver based on quasi-judicial immunity).

**AFFIRMED.**