O’SCANNLAIN, Circuit Judge,
concurring in part and dissenting in part:
While I concur in the court’s decision with regard to Nance’s claims involving the orientation program, time spent in sleeper berths during the entry-level driver program, the excess engine idling program, and the allegedly willful withholding of wages, I must respectfully dissent from its holding with regard to Nance’s claim *607 that May Trucking Co. (“May”) paid entry level drivers less than a minimum wage for on-duty hours logged before April 2011.
I
There is no reason to “remand for the district court to consider in the first instance whether Nance and Freedman preserved arguments based on this claim in their district court briefing” because it clearly was not raised below. Maj. at 605. Nance’s briefing to the district court with regard to the entry level driver program focused solely on payment for hours spent in sleeper berths. In his brief in opposition to May’s motion for summary judgment, Nance mentioned that May had changed its payment policy, but he did not allege that May had failed to pay minimum wage for on-duty hours logged prior to the change. Because the claim was not “raised sufficiently for the trial court to rule on it,” it has been waived, and we should not entertain it. In re Mercury Interactive Corp. Securities Litigation, 618 F.3d 988, 992 (9th Cir. 2010) (quoting Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992)).
II
For the foregoing reasons, I would affirm the judgement of the district court.