NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANNI MA,

                    Plaintiff-Appellant,

    v.

CITY OF LOS ANGELES; et al.,

                    Defendants-Appellees.

No.    17-56544

D.C. No.
2:16-cv-05819-DMG-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted March 5, 2019[**]
Pasadena, California

Before:  FERNANDEZ and OWENS, Circuit Judges, and DONATO,[***] District
Judge.

    Plaintiff Anni Ma appeals from the district court's order granting summary

judgment to Defendants City of Los Angeles (City), Los Angeles Police

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

Department (LAPD), and individual police officers in Ma's 42 U.S.C. § 1983 action arising from her arrest for the indecent exposure of her bare breasts and nipples. As the parties are familiar with the facts, we do not recount them here. We affirm.

Ma argues that the district court erred in granting summary judgment to the individual officers because they violated her constitutional right to be free from false arrest. In the context of an unlawful arrest, officers are entitled to qualified immunity if it is at least "*reasonably arguable* that there was probable cause for arrest." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011). Here, the officers had "reasonably arguable" probable cause to arrest Ma because "reasonable officers could disagree" as to whether California Penal Code section 314(1)'s prohibition on the exposure of "private parts" includes female breasts and nipples. *See id*.

Ma also contends that the district court erred in granting summary judgment to the City and LAPD—entities that "may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted). For the first time on appeal, Ma argues that the City and LAPD acted with deliberate indifference towards her constitutional rights by incorrectly training officers that section 314(1)

applies to female breasts and nipples. We decline to exercise our discretion to consider Ma's waived argument, in part because it "depend[s] on the factual record developed below," which has not been fully developed. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

**AFFIRMED**.