**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  JAMES DONZIL ROBERTS, Sr.; DEENA WALDMAN ROBERTS, <br><br> Debtors, <br><br> ------------------------------ <br><br> JAMES DONZIL ROBERTS, Sr., <br><br> Appellant, <br><br> v. <br><br> MICHAEL BARNES; CALIFORNIA FARMS INVESTORS, LLC, <br><br> Appellees. | No.   17-60086 <br><br> BAP No. 17-1010 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Lafferty III, and Spraker, Bankruptcy Judges, Presiding

Submitted May 13, 2019[**]
Pasadena, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  NGUYEN and OWENS, Circuit Judges, and ANTOON,*** District Judge.

James Roberts appeals from the decision of the Bankruptcy Appellate Panel ("BAP") affirming the judgment of the bankruptcy court in favor of Michael Barnes and California Farms Investors, LLC (collectively, "Barnes").  We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

The bankruptcy court entered judgment for Barnes in the amount of $825,000.  Roberts challenges that judgment on two grounds, arguing first that the amount of the judgment should be offset by the value of the collateral Barnes briefly possessed, and second that Barnes' remedies are limited by California Commercial Code section 9625 because Barnes allegedly disposed of the collateral in a commercially unreasonable manner.  Roberts concedes that he failed to present these arguments to the bankruptcy court but argues that we have discretion to consider them because (1) "review is required to 'prevent a miscarriage of justice or to preserve the integrity of the judicial process'" or (2) "the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed."  *Mano-Y&M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014) (quoting *In re*

*** The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

*Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)). We agree with the BAP that neither of these exceptions applies here, and therefore we do not reach the merits of Roberts' challenges to the bankruptcy court's judgment.

1. Roberts contends that the miscarriage of justice exception applies because Barnes has recovered twice for the same loss – once by taking possession of the collateral and a second time by the bankruptcy court's judgment. He relies on case law suggesting that "double recovery" constitutes a miscarriage of justice. *See, e.g.*, *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 841-42 (9th Cir. 2014).

This case law is distinguishable, however. First, Barnes has not recovered more than once. Although he briefly took possession of the collateral, he was forced to assign it to other creditors. The $825,000 judgment therefore places Barnes in the position he would have been in had Roberts not fraudulently induced him to invest. Second, in the "double recovery" cases upon which Roberts relies, the judgments were *erroneous*. Here, by contrast, the bankruptcy court's judgment was correct based on the claims and defenses presented. The mere possibility that Roberts could have raised other defenses at trial, and that those defenses might have resulted in a smaller judgment, does not convert the judgment entered by the bankruptcy court into a miscarriage of justice.

3

2.	Roberts' reliance on the exception for pure questions of law also fails. As Roberts concedes, the offset and commercial reasonableness defenses he raises for the first time on appeal turn on questions of fact that were not raised or resolved at trial, such as (1) the value of the collateral, (2) the extent of the venture's liability to the other creditors and (3) whether Barnes disposed of the collateral in a commercially reasonable manner. These defenses, therefore, do not raise pure questions of law. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d at 993.

**AFFIRMED.**