**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DONNA BROWN, an individual; TIMOTHY BROWN, an individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WELLS FARGO BANK, N.A., FKA Wachovia Mortgage, FSB, FKA World Savings Bank, FSB, a corporation; Successor Wells Fargo Bank Southwest, N.A., <br><br> Defendant-Appellee. | No. 19-55064 <br><br> D.C. No. 2:16-cv-00642-DMG-AGR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted June 3, 2020**
Pasadena, California

Before: W. FLETCHER and LEE, Circuit Judges, and AMON,*** District Judge.

Donna and Timothy Brown appeal the district court's denial of leave to amend

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Carol B. Amon, United States District Judge for the Eastern District of New York, sitting by designation.

their complaint. We review the denial of a motion to amend for abuse of discretion. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). We affirm.

1.  The Browns argue for the first time on appeal that Wells Fargo Bank, N.A. ("Wells Fargo") acted as a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA") because it serviced the Browns' mortgage loan on behalf of a securitized trust. Because this argument was not raised below, it has been waived on appeal. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it.") (citations and internal quotation marks omitted).[1]

2.  The Browns also now seek to add a state Rosenthal Act claim. But if a "party does not ask the district court for leave to amend, 'the request on appeal to remand with instructions to permit amendment comes too late.'" *Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000) (quoting *Jackson v. Am. Bar Ass'n,* 538 F.2d 829, 833 (9th Cir. 1976)). Because the Browns did not seek leave

---

[1] In any event, the FDCPA exempts activity that "concerns a debt which was not in default at the time it was obtained . . . ." 15 U.S.C. § 1692a(6)(F). It is undisputed that Wells Fargo obtained servicing rights to the Browns' mortgage loan prior to any default. As a result, the Browns likely cannot pursue a FDCPA claim based on Wells Fargo's reporting on the mortgage loan. *See De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074–76 (9th Cir. 2011) (15 U.S.C. § 1692a(6)(F) precluded FDCPA claim against property management company retained before default to collect monthly payments).

of the district court to assert a Rosenthal Act claim, they cannot do so for the first time on appeal.

**AFFIRMED.**