NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN VOGEL, | No. 20-55478 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03327-RGK-RAO |
| v. | |
| LA AMAPOLA, INC., DBA Tortas Bravas; CMG ENTERPRISES, LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 8, 2021**
Pasadena, California

Before: MURGUIA and BADE, Circuit Judges, and MOLLOY,*** District Judge.

Plaintiff-Appellant Martin Vogel sued Defendant-Appellees La Amapola,

Inc. and CMG Enterprises, LLC ("Appellees") for alleged violations of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

American with Disabilities Act, California Disabled Persons Act, and Unruh Act. The parties settled their dispute but asked the district court to decide Vogel's request for attorneys' fees and costs. Vogel sought to recover fees pursuant to 42 U.S.C. § 12205 and California Civil Code §§ 52(a), 54.3(a), and 55. Vogel now appeals the district court's determination only on the grounds that he was not a prevailing party under California law and therefore not entitled to attorneys' fees and costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review a district court's decision to deny attorneys' fees for an abuse of discretion." *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002). "A trial court abuses its discretion if its ruling on a fee motion is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Id.* [1] Here, the district court concluded that Vogel was not entitled to attorneys' fees under California Civil Code § 55 because he failed to demonstrate how his lawsuit "was the catalyst motivating the defendants to modify their behavior" or achieve "the primary relief sought." *See id.* at 1137 (citation omitted). The district court's finding that a new tenant removed the alleged barriers for reasons unrelated to Vogel's lawsuit was not clearly erroneous. And the district court's conclusion that Vogel did

---

[1] Vogel's arguments applying the federal prevailing-party test are misplaced. *See Swallow Ranches, Inc. v. Bidart*, 525 F.2d 995, 999 (9th Cir. 1975) ("In diversity actions, federal courts are required to follow state law in determining whether to allow attorneys' fees.").

2

not obtain the primary relief sought because he failed to obtain any injunctive relief requiring Appellees to keep the premises free of the alleged access barriers was not based on an inaccurate view of the law. *See id.* (concluding that the plaintiff obtained the primary relief sought when he obtained both money damages and injunctive relief).

To the extent Vogel asserts that he is entitled to fees in accordance with the terms of the settlement agreement or some other provision of California law, those arguments are waived because they were not distinctly argued to the district court or in Vogel's opening brief. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief."); *see also In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("We apply a 'general rule' against entertaining arguments on appeal that were not presented or developed before the district court.") (quoting *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998)).

**AFFIRMED.**