NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION, <br><br> ------------------------------ <br><br>  NIMESH PATEL; et al., <br><br>          Plaintiffs-Appellees, <br><br>  and <br><br> FACEBOOK, INC., <br><br>          Defendant-Appellee, <br><br>  v. <br><br> DAWN FRANKFOTHER; CATHY FLANAGAN, <br><br>          Objectors-Appellants. | No.    21-15553 <br><br> D.C. No. 3:15-cv-03747-JD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted February 17, 2022
Honolulu, Hawaii

Before:  HAWKINS, R. NELSON, and FORREST, Circuit Judges.

_____

         [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This appeal stems from a class-action suit against Facebook for allegedly violating the Illinois Biometric Information Privacy Act for collecting user data without permission. The district court rejected a $550 million settlement before approving a $650 million settlement resolving the class claims, then granted Class Counsel a $97.5 million fee out of the settlement. Two class members objected to the attorneys' fees award and appealed. We affirm.

1.      The district court did not abuse its discretion in awarding Class Counsel $97.5 million in fees. Courts have "an independent obligation" to ensure that attorneys' fees awards, "like the settlement itself, [are] reasonable." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). The purpose of awarding attorneys' fees from a common fund "is to avoid the unjust enrichment of [the class who] benefit[s] from the fund that is created, protected, or increased by the litigation and who otherwise would bear none of the litigation costs." *Id.* (cleaned up).

Courts may use two methods to calculate attorneys' fees: the lodestar method or the percentage-of-recovery method. *Id.* at 942. Here, the district court used the percentage-of-recovery method. The district court awarded 15% of the $650 million settlement, or 17.7% of the rejected $550 million settlement. These percentages were like the awards in "11 similarly sized settlements ($400–$800 million)," with "the average percentage award across 10 of these settlements 16.0% and the

2

percentage award . . . in the median case of the 10 being 15.5%." The court adequately explained why this was a reasonable fee on the facts of this case: "class counsel achieved an excellent result for the class" and the settlement "is real money by any standard and sets a new high bar for privacy-related settlements, . . . particularly in light of how hard fought this case was and the substantial factual disputes that remained for trial."

The district court also cross-checked the reasonableness of this amount using the lodestar method. The lodestar method calculates a fee award by "multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* at 941. This amount may then be adjusted "upward or downward by an appropriate positive or negative multiplier reflecting a host of reasonableness factors." *Id.* at 941–42 (internal quotation marks omitted).

The base lodestar figure here was about $20.7 million. The evidence before the district court demonstrated that "multipliers in cases of comparable size show[ed] average multipliers between 2.39 and 4.50." The district court held that a multiplier of 4.71 is "in line with comparable settlements, still sufficiently and appropriately generous, and more reasonable in the circumstances here. The results obtained and the risks at trial warrant a higher-end multiplier of 4.71, but not more." Lodestar multipliers tend to increase as the size of the class's fund increases and are

3

reasonable based on the risks trial would have presented.

We conclude that the district court did not abuse its discretion in awarding attorneys' fees of $97.5 million.

2. Next, we hold that Appellants waived their argument against attorneys' fees for lobbying activities. An argument is waived if it was "not presented or developed before the district court." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). "Although no bright line rule exists to determine whether a matter has been properly raised below, an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." *Id.* (cleaned up). Appellants made a perfunctory, one-paragraph argument to the district court that lobbying activities are "not properly included in a request for fees to be paid by [a] Rule 23(b)(3) damages class." This is not enough to raise an argument "sufficiently for the trial court to rule on it," nor is the record adequately developed to permit us to reach the issue in our discretion. *Id.* To the extent that Appellants did not waive the general argument that lobbying fees should not be included in the lodestar calculation, the district court did not abuse its discretion because its primary calculation tool was the percentage-of-recovery method.

3. Finally, we hold that the $5,000 incentive awards to Named Plaintiffs were not an abuse of discretion. We regularly uphold incentive awards of this size, *see, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947–48 (9th Cir.

4

2015), and Appellants do not argue that "the reasoning or theory of" these prior Ninth Circuit cases are "clearly irreconcilable with the reasoning or theory of *intervening* higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (emphasis added).

**AFFIRMED.**