NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAUN O'NEEL; B.T., a minor by and through her guardian ad litem; A.O., a minor by and through her guardian ad litem; D.O., a minor by and through her guardian ad litem; A. T., a minor by and through her guardian ad litem,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>COUNTY OF SACRAMENTO; SASHA SMITH; KERYN STARKES,<br><br>        Defendants - Appellees. | No. 24-3878<br><br>D.C. No.<br>2:21-cv-02403-WBS-DB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted September 15, 2025
San Francisco, California

Before: M. SMITH and BUMATAY, Circuit Judges, and BARKER, District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

Plaintiff Faun O'Neel is the mother of four minor children: B.T., A.T., D.O., and A.O. (collectively, Plaintiffs). O'Neel appeals the district court's order granting summary judgment to Defendants Keryn Starkes and Sasha Smith on Plaintiffs' Section 1983 claim alleging judicial deception. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *see Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir. 2000), and we affirm. Because Plaintiffs are familiar with the facts of this case, we do not recount them here except as necessary to provide context for our ruling.

1. "To state a violation of the constitutional right to familial association through judicial deception, a plaintiff must allege '(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision.'" *David v. Kaulukukui*, 38 F.4th 792, 801 (9th Cir. 2022) (quoting *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1147 (9th Cir. 2021)); *see also KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004). Plaintiffs contend that Defendant Starkes engaged in judicial deception in the applications for protective custody warrants she filed for the O'Neel children pursuant to Sections 300 and 340 of the California Welfare and Institutions Code.

Plaintiffs adduced sufficient evidence to establish that the warrant applications contained both omissions and misrepresentations. The warrants

omitted several exculpatory details. The warrants also misrepresent that the family violated a visitation rule in the agreed-upon Safety Plan, though that rule was never documented in the written Safety Plan.

However, the record does not support an inference that Starkes committed these errors "deliberately or with a reckless disregard for the truth." *David*, 38 F.4th at 801 (quoting *Benavidez*, 993 F.3d at 1147). The omitted evidence was relatively minor considering the inculpatory evidence in the applications. Moreover, the record suggests that Starkes may have simply confused the terms of the Safety Plan. She recorded her recollection of the visitation limitations in the family's case file the same day the Safety Plan was put in place and discussed the contested visitation rule with her supervisor, Defendant Smith. Even viewed in the light most favorable to Plaintiffs, *see* Fed. R. Civ. P. 56(a), the record does not support the inference that Starkes acted recklessly or deliberately—much less that she knew or believed that her representations to the juvenile court might be untruthful.

Further, the errors were not material. "A misrepresentation or omission is material if a court would have declined to issue the order had [the defendant] been truthful." *David*, 38 F.4th at 801 (alteration in original) (internal quotation marks and citation omitted). The applications contained sufficient other evidence to support probable cause and the issuance of the warrants—including the family's

violation of other terms in the written Safety Plan. *See* Cal. Welf. & Inst. Code §§ 300, 340(b). The district court therefore did not err in granting summary judgment to Starkes. Because we conclude that Starkes did not commit judicial deception, we do not reach the issue of qualified immunity.

2. Plaintiffs next assert that Defendant Smith is subject to supervisory liability for Starkes's judicial deception. This argument was not raised before the district court, and the district court did not rule on it.[1] As a result, Plaintiffs' supervisory liability argument is waived. *Villanueva v. California*, 986 F.3d 1158, 1164 n.4 (9th Cir. 2021); *see also In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). Even if this argument were not waived, Plaintiffs do not establish that Smith possessed the knowledge necessary to identify the inaccuracies in Starkes's warrant applications. Thus, there is no basis to hold Smith liable as Starkes's supervisor. As with Starkes, we need not reach the issue of qualified immunity with respect to Smith.

**AFFIRMED.**

---

[1] At summary judgment, the district court ruled on Plaintiffs' direct judicial deception claim against Smith and granted summary judgment in favor of Smith.