NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMONA LUM ROCHELEAU,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MICROSEMI CORPORATION, INC.,<br><br>Defendant - Appellee. | No. 15-56029<br><br>D.C. No. 8:13-cv-01774-CJC-JPR<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 13, 2017
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and KORMAN,[**] District Judge.

Plaintiff-Appellant Ramona Lum Rocheleau alleges that her former employer,

Defendant-Appellee Microsemi Corporation, Inc. (Microsemi), retaliated against

her in violation of the whistleblower protection provision of the Sarbanes-Oxley Act

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

(SOX), 18 U.S.C. § 1514A, as amended by the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank). The district court granted summary judgment for Microsemi on the basis that Rocheleau failed to make out a prima facie case of whistleblower retaliation because she had not shown that she engaged in protected activity under either SOX or Dodd-Frank. Specifically, Rocheleau failed to establish that she had an objectively reasonable belief that Microsemi violated one of the provisions enumerated in § 1514A. For the reasons stated in this memorandum, we affirm.

Section 806 of SOX, codified at 18 U.S.C. § 1514A(a), prohibits retaliation against any employee who provides information to a federal agency "regarding any conduct which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders." 18 U.S.C. § 1514A(a)(1). Similarly, § 922 of Dodd-Frank protects whistleblowers who provide information to the Securities Exchange Commission (SEC) from retaliation, defining a "whistleblower" as "any individual who provides . . . information relating to a violation of the securities laws to the Commission, in a manner established, by rule or regulation, by the Commission." 15 U.S.C. § 78u-6(a)(6).

Under SEC regulations, a whistleblower must "possess a reasonable belief that the information [they] are providing relates to a possible securities law violation (or, where applicable, to a possible violation of the provisions set forth in 18 U.S.C. 1514(a)) that has occurred, is ongoing, or is about to occur." 17 C.F.R. § 240.21F-2(b)(1)(i). We apply a burden-shifting framework to claims brought under § 1514A, first asking whether the plaintiff has established a prima facie case of retaliatory discrimination. *Tides v. The Boeing Co.*, 644 F.3d 809, 813–14 (9th Cir. 2011). In order to make out a prima facie case, a plaintiff must demonstrate that

> (1) [She] engaged in protected activity or conduct; (2) [her] employer knew or suspected . . . that [she] engaged in the protected activity; (3) [she] suffered an unfavorable personnel action; and (4) the circumstances were sufficient to raise an inference that the protected activity was a contributing factor in the unfavorable action.

*Id*. at 814; *see also* 29 C.F.R. § 1980.104(e)(1)–(2). In order for a plaintiff's reporting to constitute "protected activity," the plaintiff must have "(1) a subjective belief that the conduct being reported violated a listed law, and (2) this belief must be objectively reasonable." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1000 (9th Cir. 2009). Finally, "to have an objectively reasonable belief there has been shareholder fraud, the complaining employee's theory of such fraud must at least approximate the basic elements of a claim of securities fraud." *Id*. at 1001 (internal quotation marks and alteration omitted).

3

The only issue on appeal is whether Rocheleau possessed an objectively reasonable belief that Microsemi engaged in violations of one of the enumerated provisions under § 1514A(a).[1] She did not.[2]

To hold a reasonable belief that the actions she reported constituted shareholder fraud, Rocheleau needed to believe that they approximated the elements of securities fraud: "material misrepresentation or omission, scienter, a connection with the purchase or sale of a security, reliance, economic loss, and loss causation." *Id*. Material representations or omissions are those which a "reasonable

---

[1] Rocheleau briefly gestures at a meritless due process claim premised on the district court's grant of permission to Microsemi to file a third motion for summary judgment, and the district court's purported denial of the opportunity for Rocheleau to similarly move. The district court acted well within its discretion by permitting Microsemi's third motion. *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 719 (9th Cir. 2004); Fed. R. Civ. P. 16(b)(4). Rocheleau then filed a brief in opposition, and did not request leave to file any additional motion of her own.

[2] We have held, based on a decision by the Department of Labor's Administrative Review Board (ARB), that a whistleblower's "communications must definitively and specifically relate to one of the listed categories of fraud or securities violations under [§ 1514A]." *Van Asdale*, 577 F.3d at 996–97 (quoting *Platone v. Flyi, Inc.*, ARB 04-154, 2006 WL 3246910, at *8 (Dep't of Labor Sept. 29, 2006)) (internal quotation marks and alteration omitted). The ARB has since rejected the "definitively and specifically" standard and held that the issue is whether the employee "provided information . . . that [she] reasonably believed related to one of the violations listed in [§ 1514A], and not whether that information 'definitively and specifically' described one or more of those violations." *Sylvester v. Parexel Int'l LLC*, ARB 07-123, 2011 WL 2165854, at *15 (Dep't of Labor May 25, 2011) (en banc). We decline to address the issue of whether we defer to this new interpretation, because Rocheleau's claims fail under either standard.

shareholder" would consider important. *See Basic Inc. v. Levinson*, 485 U.S. 224, 231 (1988). The conduct that Rocheleau reported did not satisfy this standard.

Rocheleau reported that Microsemi (1) engaged in certain technical violations of the affirmative action requirements imposed by the Office of Federal Contract Compliance Programs (OFCCP), (2) misclassified Rocheleau and two other employees as independent contractors, and (3) asked Rocheleau to retroactively change hiring and recruiting data in violation of OFCCP regulations. Reports of violations of OFCCP regulations are not themselves protected under SOX or Dodd-Frank, and no objectively reasonable basis existed to believe that any such violations would cause Microsemi and its shareholders to suffer significant losses, as required to establish a prima facie case of reasonable belief in shareholder fraud. Similarly, Rocheleau's belief in misclassification of employees was reasonable only in regard to herself, and the misclassification of a single employee as an independent contractor falls far short of the materiality standard for shareholder fraud. Finally, Rocheleau's claim of shareholder fraud stemming from Microsemi's failure to disclose OFCCP's investigation into Microsemi fails because the 10-K Form in which Microsemi would disclose any such information was not due to be filed until *after* Rocheleau made her report. Any omissions in that form therefore could not form the basis of protected activity on her part.

Rocheleau additionally lacked a reasonable belief that the conduct she reported constituted violations of any of the remaining provisions enumerated under § 1514A. Rocheleau argues that her supervisors directed her to "scrub"—or, as she believed, to falsify—data that was then sent "to the U.S. Government via both the Internet and the United States mail," and that sending the data "constituted both mail and wire fraud." But Rocheleau clearly stated in her deposition that she did *not* alter the data that she prepared and sent, and the record contains no evidence that false data was ever transmitted. Additionally, the only argument she presented to the district court in opposition to Microsemi's summary judgment motion or in support of her cross-motion rested on her asserted reasonable belief of shareholder fraud, not mail or wire fraud. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("We apply a general rule against entertaining arguments on appeal that were not presented or developed before the district court." (internal quotation marks omitted)).

AFFIRMED.