**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, | No. 15-16026 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-01658-JCM-CWH |
| v. | |
| EDWIN YOSHIHIRO FUJINAGA; et al., | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| THE YUNJU TRUST, Relief Defendant and JUNE FUJINAGA, Relief Defendant, | |
| Defendants, | |
| ———————————————— | |
| ROBB EVANS & ASSOCIATES LLC, | |
| Receiver-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 21, 2017
San Francisco, California

Before: TASHIMA and PAEZ, Circuit Judges, and AMON,[**] District Judge.

In a civil enforcement action brought by the Securities and Exchange Commission (the "SEC"), Edwin Fujinaga ("Fujinaga") and his company MRI International, Inc. ("MRI") (collectively, "Defendants") were found liable for securities violations under Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934, and Section 17(a) of the Securities Act of 1933.[1] The district court ordered Defendants to disgorge $442.2 million, and to pay $102.1 million in prejudgment interest and $40 million in civil monetary penalties.

Defendants appeal the district court's order granting summary judgment to the SEC on the issue of Defendants' liability and denying Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants also appeal the district court's order granting the SEC's motion for judgment and disgorgement.

We review de novo a "denial of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss," *Pakootas v. Teck Cominco Metals, LTD.*, 830 F.3d 975, 980

---

[**] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

[1] Defendants-Appellants CSA Service Center ("CSA") and The Factoring Company were named as Relief Defendants in this action.

2

(9th Cir. 2016), and an award of summary judgment, *McCormack v. Herzog*, 788 F.3d 1017, 1029 (9th Cir. 2015). We review for abuse of discretion an order of disgorgement, *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010), and "a district court's decision to draw an adverse inference from a party's invocation in a civil case of the Fifth Amendment privilege against self-incrimination," *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 909 (9th Cir. 2008). We affirm.

1.      "We apply a general rule against entertaining arguments on appeal that were not presented or developed before the district court." *Conservation Nw. v. Sherman*, 715 F.3d 1181, 1188 (9th Cir. 2013) (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)). Defendants failed to "properly" raise their argument regarding the SEC's authentication of documents, their challenge to Colin J. Rand's declaration under Federal Rule of Evidence 701, and their argument regarding the nature of and performance under the investment contracts. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989). We therefore will not consider those arguments. *See id.*

2.      Defendants' primary argument on appeal is that, in granting summary judgment to the SEC, the district court abused its discretion by drawing an adverse

inference from Fujinaga's assertion of his Fifth Amendment privilege against self-incrimination. "When a party asserts the privilege against self-incrimination in a civil case, the district court has discretion to draw an adverse inference from such assertion." *Nationwide Life Ins. Co.*, 541 F.3d at 911. "The inference may not be drawn 'unless there is a substantial need for the information and there is not another less burdensome way of obtaining that information.'" *Id.* at 912 (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000)). "Moreover, the inference may be drawn only when there is independent evidence of the fact about which the party refuses to testify." *Id.*

3.      Here, because Fujinaga was MRI's sole corporate officer and owner, Fujinaga exclusively possessed information that was material to this case, and he refused to testify as to those matters. The district court nonetheless relied not only on the adverse inference it drew from Fujinaga's assertion of his privilege, but also on other substantial evidence. Under these circumstances, it was not an abuse of discretion for the district court to draw an adverse inference from Fujinaga's assertion of his privilege. *See id.* at 914.

4.      Defendants argue that the district court erred in denying their motion to dismiss because the transactions occurred extra-territorially, and the United States securities laws therefore do not apply. Their argument fails, however,

4

because Defendants' sales of securities were "made" in the United States. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 269–70 (2010). Indeed, to complete an investment, investors' funds were wired to MRI's United States bank account, their paperwork was forwarded to MRI's office in Nevada, and the MRI office issued the Certificate of Investment. The Certificates of Investment further indicate that they are "Corporate Certificate[s] of Investment" issued in "The United States of America," and they contain a Nevada corporation seal.

5.     Defendants' argument that the district court abused its discretion in ordering disgorgement likewise fails. "The SEC bears the ultimate burden of persuasion that its disgorgement figure reasonably approximates the amount of unjust enrichment." *Platforms Wireless*, 617 F.3d at 1096 (internal quotation marks omitted). "Once the SEC establishes a reasonable approximation of defendants' actual profits, however, . . . the burden shifts to the defendants to demonstrate that the disgorgement figure was not a reasonable approximation." *Id.* (internal quotation marks omitted). The SEC approximated Defendants' profits by relying on a thorough analysis conducted by a Certified Public Accountant for the SEC, which accounted for both the amount of investments received by Defendants and the amount Defendants paid out to investors. It was not an abuse of discretion for the district court to deem this calculation reasonable. *See SEC v. JT*

*Wallenbrock & Assocs.*, 440 F.3d 1109, 1114 (9th Cir. 2006). Defendants failed to rebut the SEC's calculation with reliable substantive evidence, and therefore failed to carry their burden of overcoming the SEC's reasonable approximation. *See Platforms Wireless*, 617 F.3d at 1096.

6.      The district court did not abuse its discretion in imposing civil monetary penalties on Defendants in an amount that, in sum, represented only ten percent of the total disgorgement figure. *See* 15 U.S.C. § 77T(d)(2)(C) (permitting imposition of civil penalty up to "the gross amount of pecuniary gain" where the violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and "directly or indirectly resulted in substantial losses . . . to other persons").

7.      Defendants' motion to supplement the record and for judicial notice (Dkt. No. 18) is DENIED. "Only the record that was before the district court is normally considered, and the summary judgment record cannot be supplemented on appeal." *USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1279 (9th Cir. 1994) (citations omitted).

**AFFIRMED.**