**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN RUSSELL, individually and on behalf of all others similarly situated and DONNA CAFFEY, | No.    16-56493 |
| Plaintiffs-Appellees, | D.C. No. 5:15-cv-01143-RGK-SP |
| ANNE CARD, | MEMORANDUM[*] |
| Objector-Appellant, | |
| v. | |
| KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation and DOES, 1 through 100, inclusive, | |
| Defendants-Appellees. | |

| | |
|---|---|
| SARAH MCDONALD, | No.    16-56650 |
| Objector-Appellant, | D.C. No. 5:15-cv-01143-RGK-SP |
| BARBARA COCHRAN; et al., | |
| Objectors, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

STEVEN RUSSELL, an individual;
DONNA CAFFEY,

        Plaintiffs-Appellees,

 and

KOHL'S DEPARTMENT STORES, INC., a
Delaware Corporation,

        Defendant-Appellee,

 and

DOES, 1-100, inclusive,

        Defendant.

---

STEVEN RUSSELL, individually and on
behalf of all others similarly situated and
DONNA CAFFEY,

        Plaintiffs-Appellees,

BOBBI CECIO,

        Objector-Appellant,

 v.

KOHL'S DEPARTMENT STORES, INC., a
Delaware Corporation and DOES, 1 through
100, inclusive,

No.   16-56696

D.C. No.
5:15-cv-01143-RGK-SP

2

| | |
|---|---|
| Defendants-Appellees. | |

| | |
|---|---|
| STEVEN RUSSELL, individually and on behalf of all others similarly situated and DONNA CAFFEY, <br><br> Plaintiffs-Appellees, <br><br> BARBARA S. COCHRAN, <br><br> Objector-Appellant, <br><br> v. <br><br> KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation and DOES, 1 through 100, inclusive, <br><br> Defendants-Appellees. | No.    16-56764 <br><br> D.C. No. <br> 5:15-cv-01143-RGK-SP |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 17, 2018
San Francisco, California

Before:  N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,[**] Chief District Judge.

When the parties settled this class action regarding alleged false advertising

by Kohl's Department Stores, several objectors raised concerns about the

---

[**] The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

settlement—challenging Plaintiffs' Article III standing, the notice to class members, the overall fairness of the settlement, and the award of attorney's fees to class counsel. The district court overruled the objections and approved the settlement and attorney's fees, and four objectors appealed. We conclude that Plaintiffs had Article III standing and that the district court properly approved the class notice and settlement. But we vacate the award of attorney's fees and remand for the district court to consider objections to the fee award and provide a renewed opportunity for Objector Cecio to raise such objections.

As a threshold matter, Plaintiffs had Article III standing to bring and to settle their claims. Plaintiffs had standing to pursue restitution for misleading promotions. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011). And because they declared that they would purchase products from Kohl's again if the store changed its pricing practices, Plaintiffs also had standing to seek injunctive relief. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018).

The district court did not abuse its discretion in concluding that Plaintiffs were typical members of the settlement class they sought to certify under Federal Rule of Civil Procedure 23(b)(3). Only one named plaintiff must be a typical class member to satisfy the requirements for class certification. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 961 (9th Cir. 2009). In moving for class certification

for the purposes of settlement, Plaintiffs submitted evidence that Russell was a typical member of the class that would receive gift cards because he had made several purchases at Kohl's that would place him in the class. And it appears that Caffey was probably a member of the class as well, even though she may have received refunds for some of her purchases.

Notice of the settlement to the settlement class was adequate even though it did not include an estimate of the amount that each claimant would receive and even though Objector Bobbi Cecio says she did not receive notice. We have explained that "the aggregate amount of the proposed settlement and the formula for computing recoveries [is] all that [is] required" to be included in the notice because class members' potential recovery is "a matter of conjecture since it [is] unknown [when notice is distributed] how many class members w[ill] opt out or submit claims." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993) (quoting *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177-78 (9th Cir. 1977)). The notice in this case included the required information. Although Cecio asserts that she did not receive notice of the settlement and should have, she does not identify any deficiency in the plan for notice approved by the district court. Merely asserting a failure to receive notice is not sufficient to show that the notice plan was inadequate in this case because Federal Rule of Civil Procedure 23(c) requires the best notice practicable under the circumstances, not actual notice to

5

every class member.[1]  *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

The district court did not err in holding that this was not a coupon settlement.  Several Objectors asserted that the district court should have treated the settlement in this case as a "coupon settlement" under the Class Action Fairness Act ("CAFA").  But the gift cards in this settlement were similar to gift cards we held were not coupons under CAFA in *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934 (9th Cir. 2015), whose factors we re-emphasized in *Romero v. Provide Commerce*, No. 16-56307.  The gift cards in this case were transferrable, stackable, usable with other Kohl's promotions, and large enough to allow class members to buy more than 1750 items from Kohl's without spending their own money.  All of these considerations weigh in favor of treating the gift cards as a non-coupon settlement in this case.  *See id.* at 951-52.

And the district court did not abuse its discretion in deciding that the overall settlement was fair, reasonable, and adequate.  *See* Fed R. Civ. P. 23(e).  We have explained that district courts deciding whether a settlement submitted for approval is fair, reasonable, and adequate should discuss their application of several factors:

---

[1] It is concerning that the briefs and record do not reflect any investigation by class counsel into why Cecio did not receive notice and whether her apparent lack of notice was indicative of a broader problem with notice in this case.  But we do not see other indications that the distribution of notice was deficient.  And the district court was in the best position in this case to consider whether Cecio's objection that she did not receive notice was symptomatic of a larger problem.

6

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The district court does not need to include a detailed analysis of the factors in the final judgment if it discusses them elsewhere in the record. *See In re Online DVD*, 779 F.3d at 948. In its preliminary approval order and at the hearing on final settlement approval, the district court properly considered the *Hanlon* factors in deciding that the settlement was fair, reasonable, and adequate.[2]

We have identified indicia of collusion among named plaintiffs, class counsel, and defendants that district courts should consider in assessing settlements. *See In re Bluetooth Headset Prods. Liab. Litig.* (*In re Bluetooth*), 654 F.3d 935, 947 (9th Cir. 2011). Although the settlement here contained a "clear sailing" provision under which Kohl's agreed not to challenge a request for attorney's fees up to a certain amount, *see id.* at 940 n.6, the provision raises fewer

---

[2] Objector Cecio raises several specific concerns about the substance of the settlement, but none are sufficient to show that the district court abused its discretion. Although analysis of a settlement may involve consideration of similar settlements in other cases, the relative settlement distribution among class members, and the sufficiency of discovery conducted before settlement, these considerations do not compel a conclusion that the district court abused its discretion here.

concerns about collusion than the one at issue in *In re Bluetooth* because class counsel's fees here would come from a common fund. *Compare id.* at 947. And the remaining indicia of collusion that *In re Bluetooth* identified do not appear to be present in this case. Class counsel sought the benchmark percentage of the total monetary recovery. And the fees not awarded to counsel in this case would not revert to Kohl's.

Although notice of the settlement was sufficient and the district court did not abuse its discretion in concluding that the settlement was fair, reasonable, and adequate, the class received an insufficient opportunity to examine and oppose class counsel's fee motion as required by Federal Rule of Civil Procedure 23(h). Under *In re Mercury Interactive Corporation Securities Litigation*, 618 F.3d 988 (9th Cir. 2010), class counsel needed to file the motion for attorney's fees before the deadline for objections, to provide an opportunity for class members to object to the fee request. *Id.* at 993; *see also* Fed. R. Civ. P. 23(h)(2). Counsel did not do so in this case. The district court invited Objector Sarah McDonald and Plaintiffs to file supplemental briefs with respect to the reasonableness of the fees request. But this supplemental opportunity for an existing objector to file additional briefing did not bring the proceeding into compliance with *In re Mercury*. *See Allen v. Bedolla*, 787 F.3d 1218, 1226 (9th Cir. 2015) ("Upon remand, the district court must give the entire class—and not just the Objectors-Appellants here—the

8

opportunity to review class counsel's completed fee motion and to submit objections if they so choose.").

Under the circumstances of this case, however, and particularly given the comprehensive objections that Cecio filed in the briefing on appeal, the *In re Mercury* error is harmless so long as Cecio's objections are addressed on remand. Cecio identified new, substantial objections to the fees request on appeal, several of which raise serious concerns about the fee awarded here. Plaintiffs did not respond to many of Cecio's objections on appeal, and because McDonald's objections in the district court did not encompass all of Cecio's objections, the district court did not address them either. Because those objections are comprehensive enough that they seem to encompass any objection absent class members may have made if they had received the notice required by *In re Mercury*, we conclude that the *In re Mercury* error is harmless so long as the district court provides a renewed opportunity for Cecio to raise objections on remand. We therefore vacate the district court's order awarding attorney's fees and remand for consideration of Cecio's objections to the fee award.

The district court's approval of the settlement can otherwise stand, however, because vacating the award of attorney's fees will not render the overall settlement unfair, unreasonable, or inadequate. The settlement agreement in this case specifically separated the approval of fees from the rest of the settlement. And the

district court originally awarded the maximum available fees under the settlement agreement. Any fees not awarded to counsel on remand will go to the class, so the remand in this case can only benefit the class.[3] *See, e.g.*, *In re Mercury*, 618 F.3d at 995 (reversing approval of attorney's fees award but otherwise affirming approval of a settlement where fees would come out of a common fund that also provided monetary relief to class members); *Rodriguez*, 563 F.3d at 968-69 (same). We therefore affirm the district court's approval of the settlement while remanding for further proceedings on attorney's fees.

**AFFIRMED in part, VACATED in part, and REMANDED**. The parties shall bear their own costs on appeal.

---

[3] If the district court enters a smaller fee award on remand, it is possible that class members may receive gift cards worth more than $10, which will then not be exchangeable for cash under California Civil Code § 1749.5(b)(2). But given how flexible these gift cards are and given that Kohl's sells a very large number of items for less than the value of the approximately $10 gift card, our determination that this was not a coupon settlement under CAFA does not depend on the availability of a cash alternative. And class members could not have relied on the availability of an opportunity to exchange the gift cards for cash when deciding whether to opt out or object, because it was not known at the time those decisions were made how many class members would submit claims, and thus it was not known whether the value of the gift cards awarded would be more or less than $10.