**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FABRIENNE ENGLISH, | No.   17-15251 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01619-WHO |
| v. | |
| APPLE INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted May 13, 2019
Seattle, Washington

Before:  HAWKINS, W. FLETCHER, and BENNETT, Circuit Judges.

Fabrienne English is the only remaining plaintiff in this consumer protection

case, which began in 2014 as a putative class action.  English claims that Apple

Inc. misrepresented the nature of AppleCare+ (AC+) coverage by misrepresenting

(1) that AC+ replacement iPhones would be new when in fact they could be used

or contain used parts; (2) the length of AC+ coverage; and (3) the number of

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"incidents" covered under AC+. English also claims that Apple failed to properly label AC+ replacement iPhones as used or containing used parts. English claims that Apple therefore violated California's Unfair Competition Law (UCL),[1] False Advertising Law (FAL),[2] Consumers Legal Remedies Act (CLRA),[3] and Secondhand Merchandise Labeling Law (SMLL)[4]—as well as California common-law fraud.

English now appeals (1) the district court's entry of summary judgment in favor of Apple on all claims and (2) the district court's denial of English's request for relief under Federal Rule of Civil Procedure 56(d). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for trial.

To begin, during oral argument, counsel for English insisted that she and English were unwilling to continue litigating this case, even if we were to reverse, unless we were also willing to remand to a different district judge—indeed counsel specifically asked us to affirm rather than remand to the same district judge. *See* Oral Argument at 34:49–36:15, *English v. Apple*, No. 17-15251 (9th Cir. May 13,

---

[1] Cal. Bus. & Prof. Code § 17200.

[2] Cal. Bus. & Prof. Code § 17500.

[3] Cal. Civ. Code § 1770.

[4] Cal. Bus. & Prof. Code § 17531.

2019), https://youtu.be/7gM_TFd9jOc.

English first raised the issue of remand to a different judge in a proposed supplemental brief lodged one month before oral argument and seven months after her reply brief was due. *See* Dkt. No. 118 at 4–6. We denied English's motion to file the supplemental brief. *See* Dkt. No. 127. Then, almost two weeks after oral argument, counsel changed course and informed us that she would be willing to litigate before the same district judge on remand. Counsel's request for remand to a different judge in the event of reversal is meritless—no actions of the district court would justify such an order. Nonetheless, we do not believe it equitable to affirm simply because of counsel's now-retracted statements at oral argument. We thus address the merits of this appeal.

**1.** The district judge did not abuse his discretion in denying English's request for Rule 56(d) relief. English was not diligent in conducting discovery. Nor does English explain how testing her iPhone now will show that it was used when she received it six years ago. *See Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

**2.** As to the common-law fraud claims, English has inadequately briefed them on appeal. *See Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001); Fed. R. App. P. 28 (a)(8)(A). In any event, there is simply no record evidence sufficient to create a triable issue of fact regarding the elements of fraud.

3

**3.**     As to the mislabeling claim, English argues that Apple violated the mislabeling statute by selling her "refurbished or used iPhones without labeling them as such."  We affirm on this claim because, although Apple's evidence that the replacement iPhones were new is likely inadmissible,[5] English has failed to submit sufficient evidence that the replacement iPhones she received were not new.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

**4.**     We affirm on the claims related to "polishing the Apple" because, even assuming the way Apple presents the AC+ replacement iPhones to customers is a representation of some kind—and English has cited no authority showing that it is—the presentation would not mislead the reasonable consumer.  *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).

**5.**     As to the CLRA, UCL, and FAL claims,[6] we affirm on the claims related to whether English received new iPhones but reverse on the claims related to (1) the number of covered incidents and (2) the length of AC+ coverage.

---

[5] The relevant portions of Michael Lanigan's declaration submitted by Apple can be doing only one of two things: (1) declaring what the records actually say, in which case those portions of his declaration are barred by the best evidence rule— *see* Fed. R. Evid. 1002; *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004)—or (2) expressing an opinion on what the records show as to whether the iPhones are new, in which case Lanigan's opinion is equally inadmissible—*see* Fed. R. Evid. 701.

[6] English waived any claims based on omissions, as those claims were not included in her opening brief.  *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). And we decline to consider English's errata.

4

As to the claims related to whether English received new iPhones, we again affirm based on English's failure to make a sufficient showing that she received iPhones that were not new. *See Celotex*, 477 U.S. at 322–23.

As to the remaining claims, English did not waive her oral misrepresentation theory. She offered a declaration outlining Apple's alleged oral misrepresentation. And in her opposition to Apple's motion for summary judgment, she mentioned "representation by employees." Most importantly, the district court had an opportunity to and did rule on the oral misrepresentation claims. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

## A.    Number of covered incidents

English alleges that an Apple employee told her that she would have two available incidents after signing up for AC+. English claims that, despite that representation, she was denied her second incident. Also, Gabriel Tapia declared that Apple's record of that transaction contains "language Apple employees customarily use when referencing that the customer does not have a warranty."

Tapia also claimed that, although he and other Apple employees would tell customers that AC+ would provide them with two incidents after purchasing AC+, Apple counted the first incident toward the two. English also points to Apple's statements about the proportion of AC+ users who purchase AC+ at the time of their first incident and later report using both available post-purchase incidents.

This, she argues, supports an inference that those customers reported using both post-purchase incidents not because they were clumsier, but because their initial replacement counted as one of their two available post-purchase incidents.

English also argues that her choice to leave the Apple store with a broken iPhone supports an inference that she did not have the option of receiving a replacement iPhone.

Viewing the record in the light most favorable to English, as we must, there is a triable issue on whether Apple misrepresented the number of covered incidents under AC+. English's declaration, Tapia's declaration, and the inference based on the number of "second" incidents reported by customers like English, all create a triable issue regarding whether a reasonable consumer would, under the circumstances, be misled into thinking she would receive two post-purchase incidents when in fact she received only one. *See Ebner*, 838 F.3d at 965.

**B.      Length of AC+ coverage**

English alleges that an Apple employee misrepresented the length of AC+ coverage by saying that AC+ coverage would last 24 months from the "date of purchase"—which English took to mean the date on which she purchased AC+. Coverage actually began when she "purchased" her original iPhone, five months before. Thus, English argues that the Apple employee misrepresented the length of AC+ coverage because the coverage lasted 19 months, not 24 months, from the

6

date on which she purchased it.

There is a triable issue of fact whether a significant portion of ordinary consumers would, under these circumstances, be misled into thinking that AC+ coverage began on the "date of purchase" of AC+, not some point before then.[7] A reasonable consumer might not understand, when purchasing coverage like AC+, that her 24-month coverage period began five months before she purchased it. *See Ebner*, 838 F.3d at 965.

The parties shall bear their own costs on appeal.[8]

**AFFIRMED in part, REVERSED in part, and REMANDED for trial.**

---

[7]      Apple argues that the AC+ certificate resolved any ambiguity because it clearly showed the date on which English's AC+ would end.  But English alleges that she relied on the Apple employee's misrepresentation in purchasing AC+.  Apple didn't email the certificate to English until after English purchased AC+, and thus the certificate couldn't have resolved the ambiguity before English purchased AC+.

To the extent that English argues that the AC+ certificate itself misrepresents the length of coverage, however, we hold that it does not.  The certificate clearly shows the date on which AC+ coverage ends, and thus the certificate itself would not mislead consumers.

[8]      Appellee's Motion to Maintain Under Seal Appellant Fabrienne English's Clarification of Oral Argument, Dkt. Nos. 131, 132, is **GRANTED.**  Appellee's Motion to Strike English's Clarification of Oral Argument, Dkt. No. 133, is **DENIED.**