FILED

JAN 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN LAWRENCE ERVIN,

        Plaintiff-Appellant,

 v.

COUNTY OF SAN DIEGO,

        Defendant-Appellee,

 and

BRENDA DALY, individually,

        Defendant,

DOES, 1-10 inclusive; et al.,

        Defendants.

No.   19-56167

D.C. No.
3:14-cv-01142-WQH-MSB

ORDER AMENDING
MEMORANDUM DISPOSITION
AND DENYING PETITION FOR
REHEARING AND REHEARING
EN BANC

Before: D.W. NELSON, CANBY, and SILVERMAN, Circuit Judges.

The memorandum disposition filed on August 19, 2021, is amended as

follows:

On page 2, delete:

The district court properly dismissed Ervin's procedural due process claims

because Ervin received notice and multiple hearings before defendant County

placed Ervin's name on the state's Child Abuse Index.

We do not consider Ervin's argument, newly made on appeal, that the

County did not have probable cause to investigate Ervin. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 13 2010).

On page 2, add:

The district court properly dismissed Ervin's procedural due process claims. Defendant County notified Ervin that his name was included on the state's Child Abuse Index ("CACI") and Ervin received multiple hearings to challenge his inclusion. *See Endy v. County of Los Angeles*, 975 F.3d 757, 760 (9th Cir. 2020) (citing to *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1177 (9th Cir. 2009). Accordingly, Ervin was afforded procedural due process in this case and his arguments to the contrary lack merit.

The amended memorandum is filed concurrently with this order. The panel voted unanimously to deny the petition for rehearing and recommended denial of the petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. (Fed.R. App. P. 35.) The petition for panel rehearing and rehearing en banc (Dkt. 45) is DENIED.

We have again carefully reviewed the record to ensure that we have not overlooked any potential claims that Ervin may pursue. For example, we considered whether Brenda Daly retaliated against Ervin when she allegedly presented fabricated evidence to Ervin's child's school. In our review of the

record, we have determined that Ervin presented these allegations to the district court in his first amended complaint, which was dismissed without prejudice, and that Ervin failed to allege any error with that dismissal on appeal. *See, e.g., Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

No further petitions for rehearing may be filed.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 5 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN LAWRENCE ERVIN,

             Plaintiff-Appellant,

 v.

COUNTY OF SAN DIEGO,

             Defendant-Appellee,

 and

BRENDA DALY, individually,

             Defendant,

DOES, 1-10 inclusive; et al.,

             Defendants.

No.   19-56167

D.C. No.
3:14-cv-01142-WQH-MSB

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 19, 2021[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: D.W. NELSON, CANBY, and SILVERMAN, Circuit Judges.

Appellant John Lawrence Ervin appeals pro se from the district court's judgment dismissing for failure to state a claim his fourth amended complaint alleging civil rights violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Curry v. Yelp, Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017), and we affirm.

The district court properly dismissed Ervin's procedural due process claims. Defendant County notified Ervin that his name was included on the state's Child Abuse Index ("CACI") and Ervin received multiple hearings to challenge his inclusion. *See Endy v. County of Los Angeles*, 975 F.3d 757, 760 (9th Cir. 2020) (citing to *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1177 (9th Cir. 2009). Accordingly, Ervin was afforded procedural due process in this case and his arguments to the contrary lack merit.

Dismissal of Ervin's due process claims in connection with his listing in the Child Welfare Services Case Management System was proper because there is no stigma associated with an "unfounded" listing like the one Ervin alleged in his complaint. *Endy*, 975 F.3d at 765-68.

The district court properly dismissed Ervin's substantive due process claims because Ervin did not plausibly allege deprivation of a protected liberty interest. *See Capp v. County of San Diego*, 940 F.3d 1046, 1060 (9th Cir. 2019).

The district court properly dismissed Ervin's First Amendment retaliation claims because Ervin did not plausibly allege that any retaliatory animus was the "but for" cause of his listing on the CACI. *See Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019).

The district court properly dismissed Ervin's equal protection claim because Ervin did not plausibly allege that the County treated Ervin differently from those similarly situated without any rational basis. *See, e.g., Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The district court did not abuse its discretion by denying leave to amend this fourth amended complaint, where Ervin sought not to allege new facts but instead only new theories of legal liability. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

We affirm the district court's judicial notice rulings because any error by the district court was harmless.

Ervin's motions for oral argument (Docket Entry No. 22) and for judicial notice (Docket Entry No. 30) are denied.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations made for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

AFFIRMED.

19-56167