**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10404 |
| Plaintiff-Appellant, | D.C. Nos. 4:14-cr-02058-RCC-DTF-1 |
| v. | 4:14-cr-02058-RCC-DTF-2 4:14-cr-02058-RCC-DTF |
| ROBERT C. OSBORNE, | |
| Defendant-Appellee. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted January 14, 2022
Pasadena, California

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.
Dissent by Judge BUMATAY

The United States appeals the district court's suppression of two patient files

that a federal agent allegedly obtained from the Arizona Medical Board. The district

court granted defendant Dr. Robert Osborne's motion to suppress evidence, but the

court's order focused on the government's unlawful search of Dr. Osborne's office

and did not address whether the two patient files were lawfully obtained from the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Medical Board, which the government asserts was an independent source untainted by the government's search of Dr. Osborne's office. The government does not appeal the district court's ruling as to the search of Dr. Osborne's office (which contained approximately 200 medical files, including the two at issue) but argues that the district court erred in suppressing the two files allegedly obtained from the Medical Board on an independent basis. We have jurisdiction under 18 U.S.C. § 3731. We affirm.

To begin, it is questionable whether the government sufficiently preserved its independent source argument in the district court when it initially raised it. The only place it argued this issue was in one paragraph of its 59-page brief in opposition to Dr. Osborne's motion to suppress, which the government filed in 2016. Even then, the point was tucked within a broader argument section of the government's brief relating to the search of Dr. Osborne's office. A passing reference to an issue is insufficient to preserve it. *See, e.g.*, *George v. Morris*, 736 F.3d 829, 837 (9th Cir. 2013) (issue not preserved because, while plaintiffs "made passing references to th[e] defense, they did not develop it in their briefing below" or reference it at oral argument); *Handa v. Clark*, 401 F.3d 1129, 1132 (9th Cir. 2005) ("[A] mere passing reference to a [] claim is not sufficient to . . . preserve the claim for our review."). The government points out that Dr. Osborne's reply brief in support of his motion to suppress responded to the independent source argument and addressed the issue

2

in greater depth than the government did. But the government cites no authority for the proposition that a party preserves an issue for appeal based merely on the briefing of its opponent.

Even assuming the government sufficiently raised the independent source argument in 2016, to preserve it, the government then abandoned that issue through its actions and inaction over the next four years of litigation in the district court. Following its 2016 reference to this argument, the government did not mention it during the roughly four years of proceedings that followed. A party can abandon an argument in the district court by failing to pursue it. *See BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 826 (9th Cir. 2000) ("A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case."); *United States v. Lyman*, 592 F.2d 496, 499 (9th Cir. 1978) (holding where there is "no court ruling for us to review" on an issue because the party "failed to pursue the question and obtain a decision," that issue is abandoned).

That is what happened here. The district court conducted extensive proceedings on Dr. Osborne's motion to suppress, which were focused on the government's search of Dr. Osborne's office. But the government never raised the independent source issue during three evidentiary hearings, which took place on December 12, 2017; July 10, 2018; and October 8, 2019. After the evidentiary

hearings were complete, both sides submitted post-hearing briefing. But the government did not raise the independent source issue in its 27-page post-hearing brief, nor is there any indication the government raised it during the January 7, 2020 oral argument before the district court.

Given that the government devoted its defense against Dr. Osborne's motion to suppress to the issue of the search of Dr. Osborne's office, the government provides no basis for us to conclude that the district court should have recalled an argument that the government made in one paragraph of its original 59-page opposition some four years earlier. That is especially the case because the government never again reminded the district court that it had made an independent source argument as to two files. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)).

Moreover, although the government was not required to file a motion for reconsideration after the district court's adverse ruling, it in fact did do so, but it again failed to raise the independent source issue. Nor did it inform the district court that the government believed the district court had overlooked an issue that had been properly raised. The government's failure to raise the independent source issue in its motion for reconsideration only confirms our conclusion that the government abandoned this argument.

In its reply brief on appeal, the government states that Dr. Osborne's position would "promote inefficient repetition that would neither be helpful nor appreciated by the district court." But we cannot accept this argument on the facts of this case. As we have made clear, "a party cannot treat the district court as a mere ill-placed bunker to be circumvented on his way to this court where he will actually engage his opponents." *Handa*, 401 F.3d at 1132.[1]

The government argues that even if it abandoned the independent source argument, we should still exercise our discretion to address the issue. Under our precedents,

> [w]e will exercise our discretion to reach waived issues only in three circumstances: [1] in the exceptional case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, [2] when a new issue arises while appeal is pending because of a change in the law, and [3] when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed.

---

[1] Our fine dissenting colleague maintains that "we've not found abandonment under the circumstances here." But abandonment is a fact-bound inquiry, and the cases the dissent cites are far afield of this one. In *Walker v. Beard*, 789 F.3d 1125 (9th Cir. 2015), we found that a plaintiff's argument on appeal was merely "an elaboration of his initial argument" in his *pro se* complaint, which was to be liberally construed. *Id.* at 1133. Here, by contrast, the government does not attempt to add more specifics to an overarching legal theory; it attempts to resurrect an entirely different legal theory that it ignored for four years. Our decision in *California River Watch v. City of Vacaville*, 14 F.4th 1076 (9th Cir. 2021), is also inapposite. That case merely reiterated that "[a]ppealing only one of several alternative theories argued to the district court is hardly an uncommon practice and is not a basis to find forfeiture." *Id.* at 1079. That basic point says nothing about whether the government's particular actions and inactions here over a period of years led to abandonment of the independent source issue in the court below.

*Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010) (quotations omitted).

None of these grounds is available here. The first ground is largely foreclosed by the district court's finding that the government engaged in substantial misconduct in searching Dr. Osborne's office, a ruling that the government does not challenge on appeal. The government also has not explained why the two medical files are critical to its case against Dr. Osborne or what these medical files would show. From Dr. Osborne's perspective, moreover, there is obvious prejudice associated with conducting further proceedings on a wholly different Fourth Amendment issue than the one the parties had been litigating in a case in which Dr. Osborne was indicted in 2014.

The remaining grounds for reaching an abandoned issue are not applicable either. There is no intervening change in the law here. Nor is the issue purely one of law based on a developed factual record. In large part because the government abandoned the argument, there is a limited record on the independent source issue and the circumstances by which the government obtained the medical files from the Medical Board.[2] And given the district court's broader concerns about the government's conduct in this case—which the government did not challenge on

---

[2] The dissent's contention that the district court in 2016 "had everything it needed to rule on the independent source doctrine" issue is therefore not accurate.

appeal—addressing the independent source issue outright on appeal is neither appropriate nor justified.

**AFFIRMED.**



*United States v. Robert Osborne*, No. 20-10404
BUMATAY, Circuit Judge, dissenting:

I disagree with the majority that the government failed to preserve its independent source argument.

The government's briefing papers adequately raised the independent source argument. In its response to Robert Osborne's motion to suppress, the government maintained that the patient files for Julia Barnett and Shirhea Miller should not be suppressed based on the independent source doctrine. In its briefing to the district court, the government asserted:

> Regardless of probable cause, this Court should not suppress the evidence contained in the patient files for Julia "Brandy" Barnett or Shirhea Miller. As explained above, the agents in this case obtained complete copies of those files from an independent source, the Arizona Medical Board. *See Segura* [*v. United States*], 468 U.S. [796,] 804 [(1984)]. Indeed, they obtained Barnett's patient file a few months before obtaining the warrant to search Robert Osborne's medical office. These patient files should not be suppressed because agents also received them from a third party source untainted by any illegality with respect to the search warrant. *See Wong Sun* [*v. United States*], 371 U.S. [471,] 488 [(1963)].
>
> The two patient files also should not be suppressed based on the doctrine of inevitable discovery. *See* [*United States v.*] *Ruckes*, 586 F.3d [713,] 718 [(9th Cir. 2009)]. The agents would have discovered (an in fact did discover) the patient files absent a constitutional violation. *See id.* There is no deterrent value in suppressing evidence when it was available to and obtained by investigators though other means, in this case, the Arizona Medical Board. Therefore, the patient files for Barnett and Miller should not be suppressed.

In the background section of its reply, the government gave the factual predicates

1

for its independent source argument:

> The agents in this case also obtained copies of the patient files for Miller and Barnett from the Arizona Medical Board. On November 27, 2012, the Arizona Medical Board provided a copy of Barnett's patient file to agents in response to a letter request from the United States Attorney's Office in Tucson. On September 25, 2014, the medical board provided a copy of Miller's patient file to agents pursuant to grand jury subpoenas.

Osborne understood that the government was raising an independent source exception to his motion to suppress since he devoted four pages to the argument in his reply. In fact, Osborne gave the subject its own subsection, entitled "<u>Evidence Derived from Patient Files of Julia Barnett and Shirhea Miller</u>."

Given this procedural history, the government adequately raised and preserved its independent source argument. The district court had the facts, the law, and Osborne's response to the claim. So it had everything it needed to rule on the independent source doctrine.[1] Under these facts, I see no reason for this court to ignore the argument.

Contrary to the majority's conclusion, this was no mere "passing reference" to the independent source argument. Maj. at 2. The government gave a full-blown argument and Osborne aptly responded to it. To be sure, the argument appeared on two pages of the government's 59-page opposition to suppression, but there's no

---

[1] The majority insists this assertion is "not accurate," but fails to explain why. Maj. at 6 n. 2. If the district court felt the record was insufficient to determine the origin of the medical files, it could have ruled that way.

page-length requirement to preserve an argument on appeal. And I am aware of no Ninth Circuit rule saying that arguments "tucked within a broader argument section" may not be appealed to our court, as the majority suggests. Maj. at 2.

Indeed, our caselaw shows the opposite. In a recent opinion of the court, we found that a party's argument was properly preserved when it included a legal theory as an alternate argument in briefing in the district court. *See California River Watch v. City of Vacaville*, 14 F.4th 1076, 1079 (9th Cir. 2021). In that case, environmentalists raised an alternate theory of liability in several sentences within its summary judgement papers. *Id*. The theory wasn't the group's primary argument before the district court and the district court never directly ruled on the precise argument. *Id*. The environmental group appealed purely on that alternative argument. The defendant argued waiver, but we concluded that "[a]ppealing only one of several alternative theories argued to the district court is hardly an uncommon practice and is not a basis to find forfeiture." *Id*.

And we've not found abandonment under the circumstances here. As we've said, abandonment only occurs in "situations in which a litigant deliberately declined to pursue an argument by taking a position that conceded the argument or removed it from the case." *Walker v. Beard*, 789 F.3d 1125, 1133 (9th Cir. 2015). In *Walker*, we found that a party preserved an argument on appeal by not including a "set of facts at odds with it" in the initial complaint, providing language that "suggests" the

3

theory, and then "elaborat[ing]" on the theory on appeal. *Id*. The bottomline in *Walker*: if the party didn't "'choose a position' removing [the argument] from the case or conceding it," then there was no abandonment. *Id*. The government here never deliberately took a position removing the independent source doctrine from the case or conceding it.[2]

I am unaware of a case, and the majority cites none, that says that a party must re-raise an argument multiple times to stave off abandonment. *See* Maj. at 3. And in my view, it was immaterial that the district court proceedings lasted four years. As Osborne conceded at oral argument, some of that delay was at his request and to his benefit. So we need not alter our rules for appellate review based on the length of proceedings in the district court.

While "judges are not like pigs, hunting for truffles buried in briefs," Maj. at 4 (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)), neither are we like ostriches, burying our heads in the sand to ignore arguments squarely in front of us. I would thus find that the government's independent source argument was preserved and properly before this court. And since the district court did not address it, I would remand for it to consider in the first instance.

---

[2] The majority suggests that *Walker* is inapplicable because the arguments of pro se plaintiffs are to be liberally construed. Maj. at 5 n.1. But the abandonment analysis in *Walker* did not hinge on the plaintiff's pro se status, and this court's precedents do not imply a distinction.

4

For these reasons, I respectfully dissent.